Bernardino Figueroa DELGADO, Appellant,

v.

THE Steamship MALULA, her engines, boilers, etc., and Oscar G. Abello Ameller, Appellee.

No. 18470.

United States Court of Appeals Fifth Circuit.

June 16, 1961.

Harvey B. Nachman, San Juan, P. R., Golenbock, Nachman & Feldstein, San Juan, P. R., for appellant.

Earl D. Waldin, Jr., Miami, Fla., Smathers, Thompson & Dyer, Miami, Fla., for appellee.

Before RIVES, BROWN and WISDOM, Circuit Judges.

JOHN R. BROWN, Circuit Judge.

While the result is to the contrary, this case presents much the same problem dealt with at length in Vega v. Steamship Malula, 5 Cir., 1961, 291 F.2d 415. As a consequence this opinion may be severely compressed.

The libellant was a longshoreman injured while on the dock in the Port of Ponce, Puerto Rico, on January 20, 1955. The libel, however, was not filed until May 5, 1959. As an employee of a stevedoring contractor he was working on the dock in connection with the loading of a cargo of cement on the S.S. Malula, an ocean-going cargo barge. He claimed that while it was being hoisted aboard by the ship's winches, a canvas sling containing bags of cement was caused to drop suddenly brushing him slightly on the head. As a consequence he was knocked down. For these injuries he received two weeks' out-patient medical treatment. He lost perhaps two months' time, although he complains of some permanent disability. He received $40 in workman's compensation benefits, but the record does not reflect the date of any final award.

Libellant does not know of his own knowledge what caused the sling to drop suddenly and on the hearing held below on the defense of laches no proof was offered concerning it. All libellant could do was repeat what amounted to common gossip picked up from his fellow workers that the winch did not then operate properly and for that matter frequently performed badly. Unlike the Vega case the owner knew nothing of this injury or any such claimed incident until the libel was filed. Its proof showed without contradiction that the maintenance of the winch and cargo gear was the immediate responsibility of a crew member long since deceased. Also, as we pointed out in Vega, the vessel sunk on August 25, 1956. With the vessel sunk, raised and sold, there was no way at this date to reconstruct the condition of the winch on January 20, 1955, and respondent's only other source of information died with the crew member.

This record illustrates that the practical operation of the principles articulated in Gardner v. Panama R. Co., 1951, 342 U.S. 29, at page 30, 72 S.Ct. 12, 96 L.Ed. 31, 1951 A.M.C. 2048; Czaplicki v. The Hoegh Silvercloud, 1956, 351 U.S. 525, at page 533, 76 S.Ct. 946, 100 L.Ed. 1387, 1956 A.M.C. 1465, depends on the showing in the particular case. Here, in contrast with Vega, there was really no showing of any basis for the tolling of the statutory period either under the law of Puerto Rico or that of Florida, or both. On the face of things, therefore, the filing appears to be untimely and way beyond the period allowed under the analogous statutes of limitations.

But more than that, this record affirmatively demonstrates that from delay the respondent has sustained real detriment. The libellant has only the vaguest notion of what caused his injuries. All the respondent can anticipate is that some Ponce longshoremen are going to testify that the winch was faulty in the sense that it didn't work properly. How can respondent fairly meet this charge at this late date? The winch can no longer be located. Even if found, it would be too late in any event to reconstruct its operability. The only source of information was the crew member responsible for maintenance and he is no longer living.

So, just as in Vega, it is not necessary to resort to presumptions. In that case

the evidence affirmatively demonstrated that as a case of patent unseaworthiness resulting in an incident known and reported to the vessel, there could be no detriment. Here the evidence does just the opposite. In these circumstances, it was certainly within the considered discretion of the District Court to conclude on equitable principles that this cause came too late and on the trial the respondent would be without defenses, evidence of defenses, or any reasonable means of obtaining evidence of defenses.

Affirmed.