**CITIES SERVICE OIL COMPANY, as Owner of S.S. ROYAL OAK, Libelant, Appellant,**

v.

**PUERTO RICO LIGHTERAGE COMPANY, as Owner of The TUG CHARLES E. DUNLAP, Respondent, Appellee.**

No. 5854.

United States Court of Appeals
First Circuit.

July 6, 1962.

Eli Ellis, New York City, with whom Jose G. Gonzalez, San Juan, P. R., David C. Wood, New York City, Fiddler, Gonzalez & Rodriguez, San Juan, P. R., and Hill, Betts, Yamaoka, Freehill & Longcope, New York City, were on brief, for appellant.

Vicente M. Ydrach, San Juan, P. R., with whom Hartzell, Fernandez & Novas, San Juan, P. R., was on brief, for appellee.

Before WOODBURY, Chief Judge, ALDRICH and SMITH,* Circuit Judges.

SMITH, Circuit Judge.

This appeal is from the dismissal of a libel filed in a suit in admiralty. The libel stated a claim for damage to the steamship Royal Oak, allegedly caused by a collision between it and the tug Charles E. Dunlap, owned by the respondent. The collision is alleged to have occurred in the Harbor of San Juan, Puerto Rico, on August 23, 1956.

The libel was filed on June 30, 1959, more than two years after the alleged collision had occurred, and more than one year after the analogous statute of limitations [1] of the Commonwealth of Puerto Rico had run. After a trial on the merits, the District Court, guided by the analogy of the statute of limitations, concluded that the suit was barred by laches. This conclusion was contrary to the evidence and clearly erroneous.

It is well settled that laches as a defense to a suit in admiralty is not to be measured by the strict application of the analogous statute of limitations.

Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 533, 76 S.Ct. 946, 100 L.Ed. 1387 (1956). A suit in admiralty is barred by laches only when there has been both unreasonable delay in the filing of the libel and consequent prejudice to the party against whom suit is brought. Gardner v. Panama R. Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31 (1951); Vega v. The Malula, 291 F.2d 415, 418–419 (5th Cir. 1961); Claussen v. Mene Grande Oil Company, C.A., 275 F.2d 108, 111, et seq., (3rd Cir. 1960); McDaniel v. Gulf & South American Steamship Co., 228 F.2d 189 (5th Cir. 1955); Loverich v. Warner Co., 118 F.2d 690, 693 (3rd Cir. 1941), cert. den. 313 U.S. 577, 61 S.Ct. 1104, 85 L.Ed. 1535 (1941).

However, in the administration of the doctrine of laches, the courts have uniformly recognized that failure to file suit until after the analogous period of limitations has run, creates an inference that the delay has been both inexcusable and prejudicial to the respondent, unless the libelant makes a showing to the contrary. Claussen v. Mene Grande Oil Company, C.A., supra, 275 F.2d 111; Kane v. Union of Soviet Socialist Republic, 189 F.2d 303 (3rd Cir. 1951), cert. den. 342 U.S. 903, 72 S.Ct. 292, 96 L.Ed. 676 (1952); Oroz v. American President Lines, Inc., 259 F.2d 636 (2d Cir. 1958). The delay in the commencement of the instant suit was inexcusable, but the inference of consequent prejudice to the respondent was overcome by the undisputed evidence.

The respondent was notified of the alleged collision and of the libelant's claim for damages by cable addressed to it on November 9, 1956, more than nine months before the analogous statute of limitations had run. When the evidence is considered as a whole, as it must be in the application of the doctrine of laches, the failure of the libelant to give notice to the respondent sooner was not significant. The respondent was made fully

* Sitting by assignment.

1. Section 1868(2) of the Civil Code of Puerto Rico, Title 31 L.P.R.A., Sec. 5298 (2).

aware of the nature of the claim and was afforded adequate opportunity to investigate it.

 There was admittedly a delay of 86 days between the date of the alleged collision and the date when a marine engineer, acting on behalf of the respondent, was afforded the opportunity to make a survey of the damage to the Royal Oak. The thrust of the respondent's argument is that this initial delay, emphasized in the findings of fact and conclusions of law adopted by the court below, constituted laches. We cannot agree. The slight delay neither foreclosed nor impaired the respondent's defense on the merits. The evidence of delay might have been relevant to the issue of credibility, on which we express no opinion, but under the facts in the instant case it was irrelevant to the issue raised by the defense of laches.

The only defense raised by the respondent, aside from that of laches, rested on its denial that there had been a collision, a position taken in November of 1956 when it was notified of the libelant's claim. There was uncontradicted evidence offered at the trial that the testimony necessary to prove this defense, if it was in fact meritorious, was available.

The witnesses who had been aboard the Royal Oak at the time of the alleged occurrence were available; in fact, their depositions had been taken more than three months prior to the trial and were offered in evidence at the trial. The crew members who had been aboard the Charles E. Dunlap at the time of the alleged occurrence were still in the employ of the respondent at the time of the trial and were available. The first mate, one Oscar Pineiro, was called as a witness by the respondent and testified at length as to the manner in which the Royal Oak was un-docked. It clearly appears from his testimony that he had a distinct recollection of the un-docking and the circumstances surrounding it. Cf. Waterman Steamship Corp. v. Gutierrez, 301 F.2d 415 (1st Cir. 1962).

The conclusion that the defense of the respondent was substantially prejudiced by delay is contrary to all the evidence. The libelant is entitled to a trial on the merits.

Judgment will be entered vacating the judgment of the District Court and remanding the action to that court for further proceedings not inconsistent herewith.