Herbert GOODWYN, Appellant,

v.

The DREDGE GINGER ANN, Etc., and
Ayers Materials Co., Inc., Appellees.

No. 21630.

United States Court of Appeals
Fifth Circuit.

March 11, 1965.

James J. Morrison, New Orleans, La.,
for appellant.

Charles Kohlmeyer, Jr., Thomas W.
Thorne, Jr., New Orleans, La., for Ayers
Materials Co., Inc., Lemle & Kelleher,
New Orleans, La., of counsel.

Before WISDOM and GEWIN, Circuit Judges, and BOOTLE, District
Judge.

PER CURIAM:

Goodwyn appeals from the dismissal
of a libel which sought, *inter alia,* to
recover maintenance and cure and damages for failure to provide maintenance
and cure. In October 1958 Goodwyn
contracted poliomyelitis while employed
aboard the appellee's vessel. He filed
the instant suit approximately four and
one-half years later, on July 29, 1963,
asserting that his delay was excusable
because he was unaware of his right
to claim maintenance and cure from his
employer. The appellee excepted to the
libel on the ground of laches, pleading
prejudice through probable loss of insurance protection and the unavailability
of numerous witnesses. The trial court
assigned written reasons for his dismissal of the suit. He drew upon the
Jones Act's three-year statute of limitations as an appropriate analogy and
concluded that, in light of the prejudice
which had accrued to appellee, the libelant had not demonstrated a sufficient
excuse for the delay in filing his claim.

Although the question of
laches depends primarily on the equitable
considerations of each particular case
and is not to be measured strictly by
the analogous limitation statute, Czaplicki v. The S.S. Hoegh Silvercloud, 351
U.S. 525, 533–534, 76 S.Ct. 946, 951–
952, 100 L.Ed. 1387, 1395 (1955), invocation of the doctrine is addressed
to the sound discretion of the trial court,
Gardner v. Panama R. Co., 342 U.S. 29,
30–31, 72 S.Ct. 12, 13, 96 L.Ed. 31, 36

(1951); Oroz v. American President Lines, 259 F.2d 636, 640 (2 Cir. 1958), cert. denied, 359 U.S. 908, 79 S.Ct. 584, 3 L.Ed.2d 572. In view of the evidence, including the affidavits of the parties and the insurance policies in question, we cannot conclude that the trial court abused its discretion in dismissing the suit.

The judgment is affirmed.