**Regino Martin ESPINO, Appellant,**

**v.**

**OCEAN CARGO LINE, LTD., etc., et al.,**
**Appellees.**

**No. 20818.**

United States Court of Appeals
Ninth Circuit.

July 11, 1967.

William G. Smith, Margolis & McTernan, Los Angeles, Cal., for appellant.

Winchester Cooley, III, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for appellees.

Before CHAMBERS, BROWNING, and ELY, Circuit Judges.

BROWNING, Circuit Judge:

On February 29, 1964, Regino Martin Espino, a ship scaler, was injured while working aboard a vessel owned by Ocean Cargo Line, Ltd. On June 3, 1965—approximately fifteen months after the accident—Espino sued Ocean Cargo in admiralty alleging negligence and unseaworthiness. Ocean Cargo filed an exception asserting that the claim was barred by laches. The district court dismissed the action on the authority of Brown v. Kayler, 273 F.2d 588 (9th Cir. 1959). We reverse.

In applying the doctrine of laches to suits in admiralty, the courts have customarily given weight to the period provided by statute for filing comparable non-admiralty suit, we assumed in Brown v. Kayler (as courts had generally assumed) that the appropriate period in a case such as the present one was that provided for the filing of a personal injury action in the state in which the cause of action arose—in this instance the one-year period fixed by section 340(3) of California Code of Civil Procedure.

Espino argues that this was error, and that the more appropriate referent is the three-year limitations period of the Jones Act, 46 U.S.C. § 688, as the Fifth Circuit (Flowers v. Savannah Machine & Foundry Co., 310 F.2d 135 (5th Cir. 1962)), and the Fourth Circuit (Giddens v. Isbrandtsen Co., 355 F.2d 125 (4th Cir. 1966)) have recently held. Ocean Cargo resists consideration of this contention because it was not made below, and because "the record contains not the slightest indication that the trial court accorded determinative significance to either statutory period."

██ It is clear enough that neither statutory limitation could properly be given decisive influence. "[L]aches as a defense to an admiralty suit is not to be measured by strict application of statutes of limitations; instead, the rule is that 'the delay which will defeat such a suit must in every case depend on the peculiar equitable circumstances of that case.' * * * This does not mean, of course, that the state statutes of limitations are immaterial in determining whether laches is a bar, but it does mean that they are not conclusive, and that the determination should not be made without

first considering all the circumstances bearing on the issue." Czaplicki v. The Hoegh Silvercloud, 351 U.S. 525, 533, 76 S.Ct. 946, 951, 100 L.Ed. 1387 (1956). See also Gardner v. Panama Ry., 342 U. S. 29, 30, 72 S.Ct. 12, 96 L.Ed. 31 (1951).

We do not re-examine the holding of Brown v. Kayler that the state statute offers the appropriate analogy. Espino as well as Ocean Cargo acted on that assumption in the court below. We say this because in his libel Espino anticipated the defense of laches and alleged its inapplicability, an obligation imposed upon a libelant by Brown v. Kayler (273 F.2d at 591–92) when it appears from the face of the libel that the analogous statutory period has run.

■ Espino alleges that his suit is not barred by laches for the following reasons. He is uneducated, and cannot speak, read or write English. He understood that his rights were limited to payments under the Longshoremen's and Harbor Workers' Act. Because of ignorance and misunderstanding of his rights he did not consult an attorney until May 13, 1965, fourteen and one-half months after the accident; this suit was filed two weeks later. Members of the crew of the vessel were present when the accident occurred. Officers and members of the crew had immediate knowledge that Espino was seriously injured. Ocean Cargo was thus put on notice of its potential liability and was not prejudiced by such delay in the filing of the action as occurred.

■ In *Gardner* the Supreme Court said that laches is no bar where "there has been no inexcusable delay" and "no prejudice to the defendant" (342 U.S. at 31, 72 S.Ct. at 13) a formulation quoted with approval in Czaplicki (351 U.S. at 533, 76 S.Ct. 946). Cf. Costello v. United States, 365 U.S. 265, 282, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961).

■ In Gutierrez v. Waterman S. S. Corp., 373 U.S. 206, 215, 83 S.Ct. 1185, 1191, 10 L.Ed.2d 297 (1963), the Court made it clear that prejudice is the essential element of laches, stating, "The test of laches is prejudice to the other party." Accordingly, unless prejudice appears, dismissal is improper. Giddens v. Isbrandtsen Co., 355 F.2d 125, 128 (4th Cir. 1966); Fidelity & Cas. Co. v. C/B Mr. Kim, 345 F.2d 45, 51 (5th Cir. 1965); Akers v. State Marine Lines, Inc., 344 F.2d 217, 220 (5th Cir. 1965); Cities Serv. Oil Co. v. Puerto Rico Lighterage Co., 305 F.2d 170, 171 (1st Cir. 1962); Claussen v. Mene Grande Oil Co., C.A., 275 F.2d 108, 113 (3d Cir. 1960).[1]

■ On the other hand, the presence of prejudice does not necessarily require dismissal. It may be outweighed by the strength of the excuse for delay. Larios v. Victory Carriers, Inc., 316 F.2d 63, 67 (2d Cir. 1963).

■ Applying these rules to the allegations of the libel,[2] we think it clear that the action should not have been dismissed, for Espino not only averred in conclusory form that Ocean Cargo was not prejudiced by the slight delay in filing, but also alleged facts supporting that conclusion.

In an effort to obtain what they conceive to be a more useful decision, the parties have urged this court to accept a

---

1. A "presumption" of prejudice is said to arise when the analogous limitations period has run, but as Judge Friendly said in Larios v. Victory Carriers, Inc., 316 F.2d 63, 66–67 (2d Cir. 1963), "We cannot regard it as consistent with [the Supreme Court's decisions in *Gardner* and *Czaplicki*] to hold that expiration of the analogous state statute creates a 'presumption of prejudice', save in the sense that if the plaintiff proffers no pleading or presents no proof on the issue of lach-

es, the defendant wins." Cf. Molnar v. Gulfcoast Transit Co., 371 F.2d 639, 641 (5th Cir. 1967).

2. "In considering whether the exceptions would warrant dismissal, it was the duty of the Court to accept as true the well pleaded averments of the libel." McDaniel v. Gulf & South American S.S. Co., 228 F.2d 189, 191 (5th Cir. 1955). Molnar v. Gulfcoast Transit Co., 371 F. 2d 639, 641 (5th Cir. 1967).

stipulation, not presented to the district court,[3] that the vessel involved was sold after the accident but before suit was filed, that the vessel's log did not contain a reference to the alleged accident, and that Espino did not send notice of his present claim to Ocean Cargo prior to suit.

■ The stipulation must of course be rejected here. But even if we were free to accept it, its sketchy recitations would not afford an adequate basis for decision. Whether Ocean Cargo was prejudiced by the slight delay, and, if so, the extent of that prejudice, requires a far more intensive exploration of the relevant circumstances. This is ordinarily true; the factual issues involved in a laches defense can rarely be resolved without some preliminary evidentiary inquiry. Molnar v. Gulfcoast Transit Co., 371 F.2d 639, 640 (5th Cir. 1967); McConville v. Florida Towing Corp., 321 F.2d 162, 167 (5th Cir. 1963). Cf. Czaplicki v. The Hoegh Silvercloud, 351 U.S. at 533–534, 76 S.Ct. 946;] Fidelity & Cas. Co. v. C/B Mr. Kim, 345 F.2d at 52 n. 17; Akers v. State Marine Lines, Inc., 344 F.2d at 220–221; Claussen v. Mene Grande Oil Co., C.A., 275 F.2d at 113.

■ Even if the existence of prejudice, and its extent, appeared clearly from the stipulation it would be for the district court, and not this court, initially to balance that prejudice against the duration of the delay and its justification, and to determine, by this process, "whether it would be inequitable, because of the delay, to enforce the claim." Czaplicki v.

The Hoegh Silvercloud, 351 U.S. at 533, 76 S.Ct. at 951. The district court's determination would be subject to reversal on review only if "plainly erroneous." Gutierrez v. Waterman S.S. Corp., 373 U.S. at 215, 83 S.Ct. 534.

The judgment of dismissal must therefore be reversed, and the cause remanded for further proceedings in the district court.

Nothing decided in Brown v. Kayler, 273 F.2d 588, is inconsistent with our decision here—although the emphasis in the opinion in that case would no doubt have been different had it been written after rather than before the Supreme Court's decision in *Gutierrez*.

As the court pointed out in Brown v. Kayler, 273 F.2d at 592, the question of laches must be determined by the particular circumstances of each case. Unlike the present case, in Brown v. Kayler the allegations regarding prejudice were confined to a conclusory statement. In Brown v. Kayler the libel was filed twenty-six months after the accident, as compared with fifteen months in the present case. The statute of limitations considered analogous in Brown v. Kayler provided a two-year period for filing suit—twice as long as provided by California Code of Civil Procedure § 340(3). There was no allegation in Brown v. Kayler that a language barrier interfered with the libelant's acquisition of knowledge of his rights. And in Brown v. Kayler the libelant, unlike Espino, had the benefit of the assistance of counsel long before the statutory period elapsed.

Reversed and remanded.

---

3. Ocean Cargo submitted an affidavit to the district court to the effect that the vessel on which the injury occurred had been sold and the crew scattered, but now concedes that it could not properly be considered. It was not made on personal knowledge and did not show affirmatively that the affiant was competent to testify to the matters stated. Fed.R.Civ. Proc. 56(e). Moreover, the district court did not purport to treat the motion to dismiss as a motion for summary judgment, affording Espino a reasonable opportunity to present material made pertinent to such a motion by Rule 56, Fed.R.Civ. Proc. 12(b); Mantin v. Broadcast Music, Inc., 248 F.2d 530, 532 (9th Cir. 1957).