Walter SULKOWSKI

v.

**DEUTSCH DAMPFSCHIFAHRTS GE-
SELLSCHAFT "HANDA".**

**Civ. A. No. 40899.**

United States District Court
E. D. Pennsylvania.

April 29, 1968.

Freedman, Borowsky & Lorry, Milton M. Borowsky, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Byrne, Joseph P. Green, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Presently before us is the motion of the defendant for summary judgment.

The record reveals that the plaintiff, Sulkowski, was injured on July 10, 1963. The complaint, however, was not filed until August 5, 1966. The defendant contends that this delay makes out the defense of laches and therefore entitles it to summary judgment. We disagree.

■ Defendant at oral argument conceded, and rightfully so, that the defense of laches consists of two elements: inexcusable delay in instituting suit and prejudice resulting to the defendant from such delay. See Kane v. Union of Soviet Socialist Republics, 189 F.2d 303, 305 (C.A. 3, 1951). Defendant argues that both elements are present here and therefore laches is established. However, the record we have before us does not support defendant's position.

■ In applying the laches doctrine we customarily look for guidance to the state statute of limitations for non-admiralty claims of a similar nature. See Kane v. Union of Soviet Socialist Republics, supra. Here, then, we would use a two year statute.[1] But see Giddens v. Isbrandtsen, 355 F.2d 125 (C.A. 4, 1966), and Flowers v. Savannah Machine & Foundry Co., 310 F.2d 135 (C.A. 5, 1962) where it was held that the more appropriate reference was to the three year limitation of the Jones Act. 46 U.S.C.A. § 688.

■ Nevertheless, whichever limitation we look to, it is abundantly clear "that neither statutory limitation could [should] properly be given decisive influence." Espino v. Ocean Cargo Line, Ltd., 382 F.2d 67, 68 (C.A. 9, 1967). For "laches as a defense to an admiralty suit is not to be measured by strict application of statutes of limitations; instead, the rule is that 'the delay which will defeat such a suit must in every case depend on the peculiar equitable circumstances of that case'. * * * This does not mean, of course, that the state statutes of limitations are immaterial in determining whether laches is a bar, but it does mean that they are not conclusive, and that the determination should not be made without considering all the circumstances bearing on the issue. * * *" Czaplicki v. SS Hoegh Silvercloud, 351 U.S. 525, 533, 76 S.Ct. 946, 951, 100 L.Ed. 1387 (1956).

■ Here, almost thirty-seven months went by from the date of the accident until suit was instituted. Thus, it is uncontroverted that there was delay in filing the complaint. Standing alone, however, this is not sufficient to establish laches. For in Gardner v. Panama Ry., 342 U.S. 29, 31, 72 S.Ct. 12, 13, 96 L.Ed. 31 (1951), the Supreme Court said that laches is not a bar where "there has

been no inexcusable delay" and "no prejudice to the defendant."

■ Plaintiff in his brief claims that the delay in instituting suit was occasioned "by reason of the dislocation of plaintiff's file in the removal of his counsel's law offices." While statements in the briefs are not part of the record, we assume that this could be shown at a hearing.[2]

■ Regardless of what may be thought of the substantiality of the excuse, nevertheless "what is a thin excuse may turn out to be bearable because no harm is suffered." Molnar v. Gulfcoast Transit Co., 371 F.2d 639, 642 (C.A. 5, 1967). And the record here contains no showing of prejudice to the respondent.

■ Defendant, however, has argued that plaintiff has the burden to negate prejudice. For this proposition it cites Larios v. Victory Carriers, Inc., 316 F.2d 62 (C.A. 2, 1963). That decision does not so hold. While recognizing that the ultimate burden of persuasion rests on the plaintiff the court also recognized that the initial burden of coming forward with evidence of prejudice rests with the defendant. This would appear only proper since the defendant is best able to tell whether it has incurred any prejudice and if so, in what form. In fact, given the diverse forms that prejudice might take, it would be an almost insurmountable task to require a plaintiff to negate the possibility of prejudice to a defendant.

■ "[T]he factual issues involved in a laches defense can rarely be resolved without some preliminary evidentiary inquiry." Espino v. Ocean Cargo Line, Ltd., supra, 382 F.2d at p. 70. Surely it would be most precarious "to pass upon this on the barebones pleadings * * *." Molnar v. Gulfcoast Transit Co., supra, 371 F.2d at p. 640. This is especially true where the record does not reveal

---

1. In Pennsylvania the applicable statute of limitations is contained in Pa.Stat. Ann. Tit. 12 sec. 34 which provides a two year limitation in personal injury actions.

2. The record, however, does show that Sulkowski retained counsel on July 10, 1963, the date of the accident involved in the present litigation.

any prejudice resulting from the delay. For we consider this to be the single most important element in passing on the question before us and we would be reluctant to bar this claim if the delay has worked no prejudice. See Gutierrez v. Waterman S. S. Corp., 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963); see also Espino v. Ocean Cargo Line, Ltd., supra; Giddens v. Isbrandtsen Co., 355 F.2d 125 (C.A. 4, 1966); Claussen v. Mene Grande Oil Co., C.A. 275 F.2d 108 (C.A. 3, 1960).

The motion for summary judgment will be denied.

It is so ordered.