Karl SUNDE

v.

**SHERIDAN TRANSPORTATION CO.**

Civ. A. No. 69-1844.

United States District Court
E. D. Pennsylvania.

Nov. 19, 1969.

Paul M. Goldstein, Philadelphia, Pa., for plaintiff.

Robert G. Kelly, Jr., of Kelly, Deasey & Scanlan, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BODY, District Judge.

This is a suit for maintenance payments, counsel fees and costs, brought by Karl Sunde, a seaman, against his former employer, Sheridan Transportation Co. Plaintiff's complaint, filed on August 11, 1969 and served on the defendant on August 15, 1969, alleges that Sunde sustained a disability on or about December 8, 1960 while working in the employ of defendant on its tug "H. J. Sheridan".

This matter comes before the Court on defendant's motion for summary judgment. The latter contends that plaintiff has been guilty of laches in the filing of this suit and that defendant is therefore entitled to summary judgment of dismissal with prejudice. The additional facts giving rise to defendant's present motion are as follows.

The defendant points out that it had no knowledge of any illness or disability of plaintiff, or any claim in regard thereto, until August 15, 1969 when it was confronted with the problem of defending against, or agreeing to pay, the present claim. Thus, more than eight years and ten months elapsed between the date when the disability or illness was allegedly contracted and the date of the bringing of this suit. Moreover, defendant Sheridan points out that all of its records are destroyed in the normal course of business after seven years, and it therefore has no records with regard to either the composition of the crew or the facts allegedly giving rise to Sunde's disability or illness. Further, it is unable to investigate the facts in issue because of the loss of its records. Finally, Sheridan points out that it had insurance coverage brokered through Hutchinson, Rivinus & Co., but that the latter also destroys all of its records in the normal course of business after six years when there are no outstanding claims. Such was the case with regard to the tug "H. J. Sheridan" and the dates here involved. As a result, Sheridan cannot determine the identity of its insurer for the tug and time in question, and would itself be called upon to satisfy any judgment which might be entered herein, without the benefit of insurance.

A review of the entire record reveals that the delay on the part of plaintiff in bringing this suit is unexplained and

inexcusable. The defendant, on the other hand, has clearly sustained its burden of demonstrating [1] that it has been prejudiced by the delay of approximately one hundred six months. In the *Sulkowski* case [2] it was held that a delay of thirty-seven months, which was supported by a thin excuse and which occasioned no prejudice, did not constitute laches. The facts of this case are quite different, however, and warrant the opposite conclusion. Firstly, the period of delay in the instant case is nearly three times as large as that in *Sulkowski*. Secondly, no excuse has been offered by plaintiff for the delay, and the record reveals none. Thirdly, the defendant has shown substantial prejudice with regard to both its ability to defend the present action and its duty to satisfy any judgment that might ensue.

For the foregoing reasons, defendant's motion for summary judgment will be granted.

1. See Sulkowski v. Deutsch Dampfschiffahrts Gesellschaft "Handa", 283 F.Supp. 503 (E.D.Pa.1968).

