**Billy Ray BURNETTE, Plaintiff,**

v.

**CLEVELAND TANKERS, INC. and Bay Shipbuilding Corp., Defendants.**

**No. 78–C–505.**

United States District Court,
E. D. Wisconsin.

April 18, 1979.

Maragos, Richter, Berman, Russell & White by Robert J. Pavich, Chicago, Ill., for plaintiff.

Borgelt, Powell, Peterson & Frauen by Phillip E. Crump and Edmund W. Powell, Milwaukee, Wis., for Bay Shipbuilding.

Ray, Robinson, Keenen & Hanninen by Theodore C. Robinson, Chicago, Ill., and Ben G. Slater, Milwaukee, Wis., for Cleveland Tankers.

DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the motion of the plaintiff to amend his complaint and on the motion of the defendant, Bay Shipbuilding Corporation, for dismissal.

Rule 15(a), Federal Rules of Civil Procedure, provides that leave to amend a pleading "shall be freely given when justice so requires." In this case, the plaintiff's proposed amendment comes only six months after the filing of his original complaint.

The amendment merely makes explicit the plaintiff's claim that counts IV and V of his complaint are brought under this court's admiralty jurisdiction. In view of these circumstances and the fact that neither defendant has opposed the amendment, the plaintiff's motion will be granted.

The plaintiff was allegedly injured on February 11, 1975, while working as a seaman on the S.S. Mercury, a ship owned and operated by the defendant Cleveland Tankers, Inc. At the time of the plaintiff's alleged injury, the S.S. Mercury was docked at a shipyard owned by the defendant, Bay Shipbuilding.

The plaintiff alleges three causes of action against his employer, Cleveland Tankers. The first is brought under the Jones Act, 46 U.S.C. § 688, for negligence. The second and third counts brought under this court's admiralty jurisdiction, allege that the S.S. Mercury was unseaworthy and that the defendant violated its duty to provide maintenance and cure.

The plaintiff alleges two causes of action against Bay Shipbuilding. Both are brought under the court's general admiralty jurisdiction and can be fairly characterized as personal injury claims.

This action was filed on August 9, 1978, or about 42 months after the accident at bar took place. Bay Shipbuilding urges that the plaintiff's action should be barred by the equitable doctrine of laches.

In *Federal Commerce & Navigation Co. v. Calumet Harbor Terminals, Inc.*, 542 F.2d 437, 441 (7th Cir. 1976), the court stated that "time bar limitations, if any, upon claims in admiralty are governed by the equitable doctrine of laches in consideration of the appropriate state statute of limitations." The Wisconsin statute supplying the most appropriate limitations period for the admiralty claims in this case is § 893.-205, which provides a three year period of limitation for personal injury actions. This period is identical to that suggested by the parties, the three year period of limitations under the Jones Act. *See* 46 U.S.C. § 688 and 45 U.S.C. § 56.

While it is clear that this action was filed more than three years after the causes of action in this case arose, this court's inquiry under the doctrine of laches does not end with a mechanistic application of a limitation period.

"For laches 'is much more than time. It is time plus prejudicial harm, and the harm is not merely that one loses what he otherwise would have kept, but that the delay has subjected him to a disadvantage in asserting and establishing his claimed right or defense.'" *Molnar v. Gulfcoast Transit Co.*, 371 F.2d 639, 642 (5th Cir. 1967), quoting *Point Landing, Inc. v. Alabama Drydock & Shipbuilding Co.*, 261 F.2d 861, 865 (5th Cir. 1958).

The movant, Bay Shipbuilding, acknowledges that in order to prevail on its claim that this action should be barred by the doctrine of laches it has the burden of demonstrating that the plaintiff's delay in filing his claims was *both* inexcusable and prejudicial. Bay Shipbuilding urges, however, that this court follow a rule adopted by other courts under which the burden of proof as to these two issues is switched to the plaintiff in those cases when an action is filed outside of the analogous limitation period. *See e. g. Ward v. Union Barge Line Corp.*, 443 F.2d 565 (3rd Cir. 1971).

■ While I am willing to adopt the rule suggested insofar as it transfers the burden of proof, it is nonetheless true that the party asserting the defense of laches must prevail on both issues, excusability of the delay and prejudice therefrom, in order effectively to establish its claim.

■ On the present record of this case, I do not believe that the movant has prevailed on both of the pertinent issues. In response to Bay Shipbuilding's motion to dismiss, the plaintiff's attorney filed an affidavit in support of the plaintiff's claim that the movant has not been prejudiced by the delay in filing this action. He avers that the witnesses and documentary evidence which will be necessary in this case are still available to the parties. The movant has neither disputed these assertions nor suggested any prejudice which has oc-

curred to it due to the plaintiff's delay in filing this case.

In light of this record, I find that the movant has not shown that it would be prejudiced if its motion were denied. In order to establish the defense of laches, such a showing is essential for the movant to prevail. Therefore, Bay Shipbuilding's motion to dismiss will be denied.

Therefore, IT IS ORDERED that the plaintiff's motion for leave to amend his complaint be and hereby is granted.

IT IS ALSO ORDERED that the motion of the defendant, Bay Shipbuilding, to dismiss this action be and hereby is denied.