SEA QUEST MARINE, INC., a
corporation, Plaintiff,

v.

COVE SHIPPING, INC., a corporation,
and Cove Tankers Corp., a
corporation, Defendants.

No. C78–686B.

United States District Court,
W. D. Washington.

June 19, 1979.

BEEKS, District Judge.

In this action, plaintiff Sea Quest Marine, Inc. (Employer), seeks to recover from defendant Cove Shipping, Inc. (Shipowner), compensation paid by Employer under the Longshoremen's and Harbor Workers' Compensation Act (Act),[1] to Merle Boast (Boast), an employee injured on May 23, 1974 while working as a longshoreman on S/S MOUNT NAVIGATOR (Vessel).[2] The action is based on section 33(b) of the Act and general maritime law. Shipowner now moves for summary judgment contending that neither 33(b) nor general maritime law grants Employer a remedy to recover compensation paid; and that, if a right of action exists, it is barred by Washington's three year statute of limitation.[3]

After Boast's accident, Employer voluntarily paid him compensation pursuant to the Act. On April 12, 1977, after an informal conference between Employer, Boast, and a claims examiner, the latter issued a "memorandum of informal conference" in which he recommended that Boast have another medical examination, and that Employer continue to pay compensation until Boast's condition was found to be fixed and permanent.

On December 29, 1977, Employer gave formal notice to Shipowner that it would seek to recover compensation paid Boast from Shipowner on the theory Shipowner's negligence caused the injury. Attempts at settlement failed, and, on September 7, 1978, Shipowner denied liability. Employer filed this action approximately one month later.[4]

Employer's complaint states an action for indemnity based on 33(b) and general maritime law.

Section 33(b) assigns the employee's right of action against a third party to the employer if the employee does not com-

Mark Johnson of Lane, Powell, Moss & Miller, Seattle, Wash., for plaintiff.

Roy J. Moceri of Reed, McClure, Moceri & Thonn, Seattle, Wash., for defendants.

1. 33 U.S.C. § 901 *et seq.*

2. Plaintiff has sued both Cove Shipping, Inc. and Cove Tankers Corp. The former was Vessel's owner at the time of the accident. The latter currently owns Vessel which has been renamed COVE NAVIGATOR.

3. Wash.Rev.Code § 4.16.080(2) (1978).

4. For reasons unknown to this court, Boast never instituted suit against Shipowner.

mence an action against the third party within six months after the employee accepts compensation "under an award in a compensation order filed by the deputy commissioner or Board."[5] The purpose thereof is to permit the injured employee to accept compensation without first electing to sue a negligent third party. A mere acceptance of compensation is insufficient. The deputy commissioner or Board must issue an order awarding compensation. This requirement permits the injured employee to accept compensation while considering whether to bring suit against the third party, and creates a specific point in time from which to measure the six month period.[6]

Courts have held an informal order sufficient to trigger an assignment under 33(b).[7] In *Rodriguez*,[8] the court stated:

[t]he *ordering* of compensation by a claims examiner or any other delegee of the deputy commissioner, as well as by a deputy commissioner himself, fully satisfies the purpose of the award requirement, which is solely to insure the injured person an opportunity to consider fully the consequences under § 933(b) of accepting compensation before those consequences are incurred.[9]

The court, in *Liberty Mutual*,[10] went beyond the statutory language by upholding an assignment based on documents filed by the employer and employee.[11]

■ In the present action, however, the claims examiner, in his "memorandum of informal conference," merely recommends Employer continue to pay compensation while Boast undergoes a second medical examination to determine if his condition is fixed and permanent. This was not an award under a compensation order within the meaning of 33(b). The claims examiner deferred rendering an award until after Boast received the second medical opinion. Accordingly, Employer does not have a right of action based on an assignment of Boast's rights under 33(b).

It does not follow, however, that denial of such an assignment means Employer is without a remedy. Prior to the 1972 Amendments to the Act, it was clear that 33(b) was not Employer's exclusive remedy for compensation paid.[12] The Supreme Court, in *Burnside*,[13] stated:

Congress . . . gave the employer, in return for his absolute liability to the [employee], part of the latter's rights against others. But the legislative grant of a new right does not ordinarily cut off or preclude other nonstatutory rights in the absence of clear language to that effect. When Congress imposed on the employer absolute liability for compensation, it explicitly made that liability exclusive. Yet in the same Act it attached no such exclusivity to the employer's action against third persons as subrogee to the rights of the employee or his representative.[14]

In 1972, Congress added section 5(b) to the Act.[15] This section limited the employee's action against the shipowner to negligence, specifically excluding any action based upon unseaworthiness. Section 5(b) permits an injured employee "or anyone otherwise entitled to recover damages by reason thereof," to bring an action against

**5.** 33 U.S.C. § 933(b).

**6.** *Rodriguez v. Compass Shipping Co. Ltd.*, 456 F.Supp. 1014 (S.D.N.Y.1978).

**7.** *Liberty Mutual Ins. Co. v. Ameta & Co.*, 564 F.2d 1097 (4th Cir. 1977); *Rodriguez v. Compass Shipping Co. Ltd.*, 456 F.Supp. 1014 (S.D. N.Y.1978).

**8.** 456 F.Supp. 1014 (S.D.N.Y.1978).

**9.** *Id.* at 1020 (emphasis added).

**10.** *Liberty Mutual Ins. Co. v. Ameta & Co.*, 564 F.2d 1097 (4th Cir. 1977).

**11.** *Id.* at 1101 & n.10.

**12.** *Federal Marine Terminals, Inc. v. Burnside Shipping Co.*, 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969).

**13.** *Id.*

**14.** *Id.* at 412–13, 89 S.Ct. at 1149.

**15.** 33 U.S.C. § 905(b).

the shipowner as a third party.[16] The last sentence of 5(b) states that "[t]he remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter."[17]

The legislative history of 5(b) indicates Congress specifically intended to overrule the Supreme Court's *Sieracki*[18] decision, and limit the applicability of *Ryan's*[19] warranty of workmanlike performance.[20] The history does not disclose an intent by Congress to limit the employer's right to seek reimbursement for compensation paid. Section 5(b) limits the cause of action by or on behalf of the injured employee against the shipowner to negligence. It does not limit the employer's right of action.

Irrespective of the 1972 Amendments, *Burnside*[21] still controls.[22] In an action by an injured employee in which the employer intervened seeking subrogation for compensation paid, the Ninth Circuit, citing *Burnside,* held that "the employer's remedy under § 33 of the Act is not his exclusive remedy."[23] Under *Burnside* the employer does have "a direct action in tort against the shipowner to recover the amount of compensation payments occasioned by the latter's negligence."[24]

Shipowner argues that Washington's three year statute of limitation[25] bars any action by Employer. Employer's claim for compensation paid, however, is within admiralty jurisdiction.[26] In admiralty, if no statutory limitation period exists, the applicable test is laches.[27]

Laches consists of two elements: unexcusable delay in commencing the action, and prejudice resulting to the other party from such delay.[28] In applying the doctrine of laches, courts analogize to the period provided by state or federal statutes for filing comparable actions.[29] Once the period defined in the analogous statute has expired, plaintiff has the burden of persuasion with respect to the issue of timeliness. Because of the difficulty of proving a negative, however, once plaintiff justifies the delay in commencing the action, defendant must make a showing of prejudice.[30] The court will not presume prejudice merely because the comparable limitation period has expired.

In the present action, the comparable limitation period would be three years.[31] Because Employer did not commence this action until four and one-half years after the

16. *Id.*

17. *Id.*

18. *Seas Shipping Co. v. Sieracki,* 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946).

19. *Ryan Stevedoring Co. v. Pan Atlantic S. S. Corp.,* 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956).

20. 1972 U.S.Code Cong. & Admin.News p. 4698.

21. *Federal Marine Terminals, Inc. v. Burnside Shipping Co.,* 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969).

22. *Dodge v. Mitsui Shintaku Ginko K. K. Tokyo,* 528 F.2d 669 (9th Cir. 1975). The First and Second Circuits have raised, without deciding, the issue of whether the 1972 Amendments eliminate the employer's right of action under general maritime law. *Cella v. Partenreederei M. S. Ravenna,* 529 F.2d 15 (1st Cir. 1975); *Langdon v. Lief Hoegh & Co., Inc.,* 521 F.2d 756 (2d Cir. 1975).

23. *Dodge v. Mitsui Shintaku Ginko K. K. Tokyo,* 528 F.2d 669, 673 (9th Cir. 1975).

24. *Federal Marine Terminals, Inc. v. Burnside Shipping Co.,* 394 U.S. 404, 417, 89 S.Ct. 1144, 1151–52, 22 L.Ed.2d 371 (1969).

25. Wash.Rev.Code § 4.16.080(2) (1978).

26. *Federal Marine Terminals, Inc. v. Burnside Shipping Co.,* 394 U.S. 404, 89 S.Ct. 1144, 22 L.Ed.2d 371 (1969).

27. *Espino v. Ocean Cargo Line, Ltd.,* 382 F.2d 67 (9th Cir. 1967).

28. *Id.*

29. *Id.*

30. *Id.* at 69 n.1; *Larios v. Victory Carriers, Inc.,* 316 F.2d 63 (2d Cir. 1963).

31. *See* Wash.Rev.Code § 4.16.080(2) (1978); *and* 46 U.S.C. § 688, 45 U.S.C. § 56 (Jones Act).

accident, it has the burden of establishing timeliness.

In attempting to justify the delay, Employer contends that it could not determine the amount of compensation owing until Boast's claim was settled. Employer, also, contends that Shipowner had notice of its claim, but the notice was not given until after expiration of the comparable limitation period. Shipowner, however, has not come forward with any evidence of prejudice, relying entirely on Washington's statute of limitation.

■ Whether Employer was justified in delaying the action, and whether such delay prejudiced Shipowner are factual questions that require further consideration by the court. Accordingly, Shipowner's motion for summary judgment is denied.