Frank R. McMAHON, Appellant,

v.

PAN AMERICAN WORLD AIRWAYS, INC., and United States of America, Appellees.

No. 19053.

United States Court of Appeals Fifth Circuit.

Jan. 2, 1962.

Arthur Roth, Miami, Fla., for appellant.

Daniel S. Pearson, Asst. U. S. Atty., Miami, Fla., Alan S. Rosenthal, Atty., Dept. of Justice, William E. Gwatkin, III, Atty., Dept. of Justice, Washington, D. C., William H. Orrick, Jr., Asst. Atty. Gen., Edward F. Boardman, U. S. Atty., Miami, Fla., for appellee.

Before JONES and BELL, Circuit Judges and SIMPSON, District Judge.

SIMPSON, District Judge.

Frank R. McMahon filed a libel in personam against Pan American World Airways and the United States of America, claiming that he had been an employee of Pan American, working on a vessel owned by the United States, and asking damages for unpaid overtime wages and for wrongful discharge. The libel was filed on March 24, 1959, and contained an allegation that appellant had been discharged on August 24, 1957.

Respondents, in their answer, raised laches on the part of the libelant as a defense, alleging prejudice to them from his unreasonable delay in bringing his action, and moved for dismissal on that ground.

The District Court, on July 21, 1959, granted the respondents' motion to dismiss as to paragraph six (6) of the libel (the claim for overtime wages) but without prejudice and with leave for libelant to amend. The remainder of the complaint was not dismissed. Libelant made no amendment to his complaint. Trial was held on the remaining issues on December 14, 1960. The trial judge granted respondents' motion to dismiss the entire complaint with prejudice after hearing the libelant's evidence and entered final decree to that effect on December 14, 1960.

Libelant, in his brief, challenges only the dismissal of his claim for overtime wages by reason of laches. We affirm the action of the District Judge.

■ The United States, as sovereign, may be sued only with its consent. Title 46 U.S.C.A. §. 742, provides that a libel in personam may be brought against the United States in cases where that action could be maintained against the owner of the vessel if that vessel were privately owned. This gives a libelant no greater right against the United States than he would have against a private party. The Government is entitled to all limitations of liability available to private owners of vessels. Title 46 U.S.C.A. § 746.

■■ Congress has further limited the rights to bring a libel in personam against the United States. No such action may be brought more than two years after the cause of action arises. Title 46 U.S.C.A. § 745. This section provides an added limitation in favor of the United States and gives no added rights to a libelant. Mejia, et al v. United States, 152 F.2d 686 (5 C.A., 1945), cert. denied 328 U.S. 682, 66 S.Ct. 1366, 90 L.Ed. 1632. If libelant's laches would have barred his action against a private party, suit against the United States is barred.

■ Laches is a flexible measure of the time within which an admiralty action must be brought. No specific time limit is set. Where there has been no inexcusable delay in seeking a remedy and where no prejudice to the respondent has ensued from the mere passage of time, there should be no bar to relief. Gardner v. Panama R. Co., 342 U.S. 29, 31, 72 S.Ct. 12, 96 L.Ed. 31 (1951).

■ This does not mean that a libelant is never foreclosed from recovery by reason of his delay in bringing suit. The

Admiralty Court must exercise discretion in deciding whether the suit is barred. The Federal Court sitting in Admiralty will be guided in setting a time limit by the analogous statute of limitations of the state where the cause of action arose. Oroz v. American President Lines, Ltd., 259 F.2d 636, 639 (2 C.A., 1958) 3 Benedict on Admiralty, Sec. 463.

 Where the action is brought after the analogous state statute of limitations has run, the libelant has the burden of showing that he has an excuse for delay and that respondent has not been prejudiced. Morales v. Moore-McCormack Lines, Inc., 208 F.2d 218 (5 C.A., 1953). There is a presumption that respondent has suffered by libelant's delay in bringing suit after the state statute of limitations would have run. Vega v. The Malula, 291 F.2d 415, 416 (5 C.A., 1961).

This cause arose in the State of Florida. The Florida statute of limitations relating to claims for overtime wages is one year. F.S.A. § 95.11(7) (b). The libelant filed this action for overtime wages more than one year after his claim accrued. He alleged discharge on August 24, 1957, and did not bring this action for wages accrued through that date until March 24, 1959. It was incumbent upon him to negative the presumption that respondents were prejudiced by his delay.

The District Judge, recognizing that libelant should be afforded an opportunity to overcome the presumption, dismissed the claim for wages without prejudice and with leave to amend. Libelant did not take advantage of this opportunity during the period of more than one year between the dismissal of the wage claim and trial on the other issues. Libelant filed no pleading alleging that his delay in bringing suit was excusable or that respondents were not prejudiced thereby. Absent such an allegation, the District Judge correctly concluded that the libelant's claim for wages was barred by laches as demonstrated by the dates apparent in the pleadings. Of course, the wage claim against Pan American was barred for the same reason. The appellant has raised no other issues, and as to the issues raised, has failed to show an abuse of discretion by the District Judge in dismissing the overtime wage claim.

Affirmed.