Leon AKERS, Appellant,

v.

STATE MARINE LINES, INC., et al.,
Appellees.

No. 21698.

United States Court of Appeals
Fifth Circuit.

April 13, 1965.

Rehearing Denied April 28, 1965.

W. Jiles Roberts, Houston, Tex., for appellant.

George H. Kolb, Frank G. Harmon, Houston, Tex., Baker, Botts, Shepherd & Coates, Houston, Tex., of counsel, for appellees.

Before HUTCHESON, Circuit Judge, WHITAKER,* Senior Judge, and RIVES, Circuit Judge.

HUTCHESON, Circuit Judge:

This appeal is from the district court's entry of summary judgment dismissing Appellant's libel.

## I.

At the outset Appellees contend this Court does not have jurisdiction because the notice of appeal was not timely filed. This assertion is based upon the supposition that the time in which to file the notice of appeal began to run from the date the district court made the following notation on his calendar sheet:

"12–31–63: Libellant's motion for rehearing will be denied. Clerk will notify counsel to draft and submit appropriate Order".

After considerable dispute between opposing counsel as to the content of the order to be entered, a formal order, denying the motion for rehearing and granting Appellees' motion for summary judgment, was filed February 25, 1964. Appellant filed a notice of appeal from that order on May 22, 1964. Appellees filed a motion to dismiss the appeal asserting that the notice was not timely filed and that the appeal should be dismissed for laches. This Court ordered that motion taken with the case.

A reading of the calendar notation quoted above, with its instructions to

* Of the United States Court of Claims, sitting by designation.

counsel to submit an appropriate order, shows clearly that it was not intended to be the district court's final act in the case. The Court entered its judgment on February 25, 1964, when the formal order was filed. Blanchard v. Commonwealth Oil Co., 294 F.2d 834 (5th Cir. 1961). Appellant filed his notice of appeal within 90 days of that order as required in admiralty actions. 28 U.S.C. § 2107. We hold that the appeal was timely and, accordingly, hereby deny Appellees' motion to dismiss the appeal.

## II.

■ Appellees contend that the district court's judgment, the text of which is set forth in full in the note,[1] is based upon a holding that the libel is barred both by laches and res adjudicata. They argue that the inclusion of the words "in all things" in the paragraph granting summary judgment constitutes a holding that the suit was barred by res adjudicata since they had argued that theory as an alternative to the laches defense. It is patently clear from a reading of the order that the court did not hold that at all. The order states that 'respondent's motion for summary judgment *on the ground of laches* should, therefore, be granted"; (emphasis added). The reasons for granting summary judgment are

1. "On the 27th day of September, 1963, came on to be heard respondent's motion for summary judgment, which was duly noticed on the motion calendar of this Court, and upon consideration of the motion and the briefs and arguments of counsel submitted, it appeared to the Court that this libel was filed more than three years and two months after the occurrence made the basis of the libel and therefore after the analogous limitation period of three years had expired, and it further appearing to the Court that libellant has failed to show, in controverting such motion, that there is any excuse for his delay in filing the libel, and it further appearing to the Court that respondent has shown prejudice to it through delay and the resultant loss of witnesses, and that respondent's motion for summary judgment on the ground of laches should, therefore, be granted; it is accordingly,

very simply and clearly stated and they speak only to the laches question. We do not read into the words "in all things" an intention to base the judgment upon grounds that are nowhere mentioned in the order. Accordingly, we hold that the district court's summary judgment was granted solely on the ground of laches.

## III.

■ At the heart of this appeal is the question of whether or not the district court was correct in entering that summary judgment. Laches consists of two elements: inexcusable delay in instituting a suit and prejudice resulting to the respondent from such delay.[2] We shall deal with the facts and applicable law as to each of these elements in turn.

### Inexcusable Delay

The facts concerning the existence of the delay and the alleged excuse for delay are undisputed. The date of the Appellant's alleged injury is April 17, 1960. He first filed his suit against Appellees in a Texas court, but "it having been brought to the attention of the plaintiff that he had sued his employer * * *", he had that suit dismissed. Subsequently, after the Supreme Court decided Reed v. Steamship Yaka, 373 U.S. 410, 83 S.Ct. 1349, 10 L.Ed.2d 448 (1963) Ap-

"ORDERED, ADJUDGED and DECREED that respondent's motion for summary judgment is in all things granted; it is further,

"ORDERED, ADJUDGED and DECREED that the libel is dismissed with costs.

"And the libellant having filed and the Court having considered libellant's motion for rehearing, and determining that such motion should be denied, it is accordingly,

"ORDERED, ADJUDGED and DECREED that libellant's motion for rehearing is in all things denied, as of December 31, 1963, at which time the Court made a docket notation to this effect.

"ENTERED at Houston, Texas, on this 25th day of February, 1965."

2. Gardner v. Panama R. Co., 342 U.S. 29, 72 S.Ct. 12, 96 L.Ed. 31 (1951); Morales v. Moore-McCormack Lines, Inc., 208 F. 2d 218 (5th Cir. 1953); Loverich v. Warner Co., 118 F.2d 690, 691 (3rd Cir. 1941).

pellant filed this libel on June 17, 1963, some three years and two months after the alleged injury. He asserts that his delay was excusable because up until the Reed case was decided he believed that the law was settled that he could not sue his employer.

■ The district court correctly found the analogous limitation period on this unseaworthiness claim to be three years.[3] Although Appellant's libel was filed after the expiration of three years, the existence of laches cannot be determined merely by a reference to and a mechanical application of the statute of limitations. The equities of the parties must be considered as well. Where there has been no inexcusable delay in seeking a remedy and where no prejudice to the defendant has ensued from the mere passage of time, there should be no bar to relief. Gardner v. Panama R. Co., supra. However, since the action was brought after the analogous statute of limitations had run, the libellant has the burden of showing that he had an excuse for delay and that respondent has not been prejudiced. Morales v. Moore-McCormack Lines, Inc., supra; McMahon v. Pan American World Airways, Inc., 297 F.2d 268 (5th Cir. 1962). It is undisputed that the sole excuse offered by the libellant for his delay was his belief that it was impossible for him to sue his employer up until the Supreme Court rendered its decision in Reed v. Steamship Yaka, supra. This, as the district court correctly held, is not an adequate excuse for libellant's delay. McGrath v. Panama R. Co., 298 F. 303 (5th Cir. 1924). As this Court stated in Morales v. Moore-McCormack Lines, Inc., supra:

"As to their claim of ignorance of their legal right to sue a third party, the steamship lines which had contracted with their employer, we know of no principle which enables persons to plead, not excusable ignorance of facts, but of the law which accorded them the right to sue."

Appellant's mistake as to the law or his unwillingness to press his claim when there was authority which indicated he might not prevail, cannot serve to excuse his delay in prosecuting the libel. As to the district court's holding that there was no excuse for his delay, we affirm.

*Prejudicial Delay*

■ We are left with the question of whether or not the respondents have been prejudiced in asserting their defense by the libellant's delay. A suit in admiralty is barred by laches only when there has been both unreasonable delay in the filing of the libel and consequent prejudice to the party against whom suit is brought.[4] As we have repeatedly emphasized,

"Laches is much more than time. It is time plus prejudicial harm, and the harm is not merely that one loses what he otherwise would have kept, but that delay has subjected him to a disadvantage in asserting and establishing his claimed right or defense."[5]

If it can be shown that respondents have suffered no prejudice from the delay, then the unexcused delay alone is not sufficient to cause the libel to be dismissed.

■ The district court did not hold a hearing on the merits of the laches defense, but entered its summary judgment after an examination of the libel and answer and the other papers on file.

3. Flowers v. Savannah Machine & Foundry, 310 F.2d 135 (5th Cir. 1962); Crabtree v. The SS Julia, 290 F.2d 478 (5th Cir. 1961).

4. Gutierrez v. Waterman SS Corp., 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963); Cities Service Oil Co. v. Puerto Rico Lighterage Co., 305 F.2d 170 (1st Cir. 1962); Claussen v. Mene Grande Oil Co., 275 F.2d 108 (3rd Cir. 1960); Mc-

Daniel v. Gulf & South American Steamship Co., 228 F.2d 189 (5th Cir. 1955).

5. Point Landing, Inc. v. Alabama Dry Dock & Shipbuilding Co., 261 F.2d 861 (5th Cir. 1958); Pure Oil Co. v. Snipes, 293 F.2d 60 (5th Cir. 1961); Vega v. The Malula, 291 F.2d 415, (5th Cir. 1961); Crabtree v. The SS Julia, 290 F.2d 478 (5th Cir. 1961).

Depositions of the libellant and one other person had been taken, but were not filed in the district court by the time it entered its decision. The libellant had filed lengthy interrogatories which had been answered in part.

Appellees alleged that they have been prejudiced by the loss of witnesses which might have been used in defending the claim and that after this period of time it is impossible to gather evidence as to the condition of the hatch board which is alleged to have caused libellant to injure his back while trying to lift it. Appellees' precise allegation on the prejudice question is that,

> "Respondent's employees who were members of the crew of the SS Lone Star State on which libellant's accident is alleged to have occurred, are no longer in respondent's employ as seamen, by nature, generally do not remain aboard the same vessel for over three years' time. Accordingly, as a result of the delay on the part of libellant in instituting and prosecuting this suit against respondent on the claim now made, respondent will be seriously prejudiced in an effort to obtain evidence concerning the factual allegations made by libellant, * * *".

Appellees do not allege that the employees from the SS Lone Star State are not now available to testify, but only that they are no longer in Appellees' employ, and even this allegation seems to be based upon the assumption that "seamen, by nature, generally do not remain aboard the same vessel for over three years' time." Appellees also allege that they did not preserve any evidence concerning the condition of the hatch boards at the time of the alleged injury.

Appellant alleges that Appellees had ample notice of the accident when it occurred to make whatever investigation was necessary to preserve evidence to defend this claim, so that the delay in bringing the libel did not prejudice their defense. Appellees filed a report on the accident with the Deputy Commissioner of Labor two days after the injury. Appellant alleges that Appellees or their foreman had knowledge of the accident when it occurred, provided a physician to treat the libellant, and that that physician filed a report which reflects the same facts as to how the injury occurred that he now asserts. X-rays of the libellant were also taken just after the injury. In his Motion for Rehearing, Appellant also alleged, "Upon information and belief witnesses as to how Libellant's injury occurred are presently available."

On these facts concerning prejudice, to the extent they have been developed without a hearing, it was error for the district court to enter a summary judgment. For summary judgment to be proper the court must find that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." General Admiralty Rule 58. It is clear that the facts present a genuine issue as to whether or not respondent has been prejudiced by the delay. These fact questions cannot be disposed of by summary judgment. A trial on the prejudice issue is required "[to enable] the court on the basis of the whole record to determine the underlying rightness of it". Vega v. The Malula, supra. Both parties should be afforded full opportunity to offer whatever evidence is available and relevant on the question of prejudice. After a trial on this issue, if it should appear that a substantial handicap has been imposed upon the defense by the delay, judgment should again be entered for Appellees. If it appears that Appellant has met his burden of showing that the delay has not been injurious, then the merits of the unseaworthiness claim must be tried.

The judgment is hereby reversed and the cause remanded for further proceedings consistent with this opinion.