**Hassel Lee DAWS, Plaintiff,**

v.

**MOVIBLE OFFSHORE, INC., Defendant.**

**Civ. A. No. 14978.**

United States District Court

E. D. Louisiana,

New Orleans Division.

Feb. 28, 1967.

Ungar, Dulitz & Martzell, John R. Martzell, New Orleans, La., for plaintiff.

Deutsch, Kerrigan & Stiles, Christopher Tompkins, New Orleans, La., for defendant American Hoist, etc.

Joe L. Horne, New Orleans, La., for defendant and third-party defendant.

Robert B. Acomb, Jr., L. Howard McCurdy, Jr., Joy Miller, New Orleans, La., for defendant, Movible Offshore, Inc.

CASSIBRY, District Judge:

This matter comes before the Court on a motion by American Hoist and Derrick Company (American) to dismiss the plaintiff's complaint against it because of laches.

The plaintiff was injured on July 14, 1964, while employed by Movible Offshore, Inc. (Movible), as a crane operator on a derrick barge owned and operated by Movible. The injury was caused by the collapse of the boom of the crane onto the cab of the crane. American is the manufacturer of the crane involved in the accident. At the time of the accident, the barge was being operated in the Gulf of Mexico, in waters adjacent to, but outside the territorial limits of the State of Louisiana.

Plaintiff filed suit against Movible on October 7, 1964, under the Jones Act, 46 U.S.C. § 688, and the General Maritime Law. On September 26, 1966, two years and two months after the date of the accident, the plaintiff amended his complaint to include American as a party defendant.

The issues are relatively simple. First, which analogous statute of reference should the Court apply: Article 3536 of the Louisiana Civil Code which limits the time in which an action may be brought to one year, or the Jones Act which provides a three year period of limitations. Second, has American been prejudiced by the delayed filing of the suit against it.

Since the accident involved here occurred outside the territorial limits of Louisiana and within the purview of maritime law the parties agree that the equitable doctrine of laches must be applied. However, American argues that the analogous statute of reference to be used in determining whether there has arisen a presumption of laches by the plaintiff is the Louisiana statute by which actions in tort are prescribed in one year. It has become the rule of law in the Fifth Circuit that in actions by seamen or vicarious seamen against vessel owners for unseaworthiness the analogous statute of reference to be used in determining laches is the Jones Act and not the local state statute of limitation.[1] The instant case is said by American to be distinguishable from those cases cited in footnote 1 in that as between plaintiff and American the action is not one of unseaworthiness against a vessel owner by a seaman, but rather is a tort action for negligent breach of warranty. Thus the rule of applying the Jones Act period of limitation does not apply and the one year period of the Louisiana statute should be applied. This contention is based on Pure Oil Company v. Snipes, 293 F.2d 60 (5th Cir. 1961), and Fidelity and Casualty Company of New York v. C/B Mr. Kim, 345 F.2d 45 (5th Cir. 1965). The *Snipes* case involved an action for injuries by an employee of an independent contractor against the owner of a fixed drilling platform located in the Gulf of Mexico about 65 miles off the coast of Louisiana. The action rested on an independent act of negligence and did not involve unseaworthiness. In the *C/B Mr. Kim* case, the injury sued on happened to a passenger for compensation as a result of alleged negligent operation of the crewboat. The action was pressed by the Louisiana Workman's Compensation insurer of the employer of the injured party against the vessel owner. The accident happened within the territorial waters of Louisiana. In both cases the Court spoke of laches within the framework of the Louisiana one year prescription period. In the *Snipes* case, the Court went on to say

"It is well settled, however, that laches as a defense to an admiralty suit is not to be measured by strict application of statutes of limitations; instead, the rule is that 'the delay which will defeat such a suit must in every case depend on the peculiar circum-

---

1. Flowers v. Savannah Machine and Foundry Co., 310 F.2d 135 (5th Cir. 1962); Odom v. SS Monarch of the Seas, 322 F.2d 1022 (5th Cir. 1963); Akers v. States Marine Lines, 344 F.2d 217 (5th Cir. 1965).

stances of that case.'" 293 F.2d 60, 69.

It is to be noted that the Snipes case was decided prior to the decision in Flowers v. Savannah Machine and Foundry Co., 310 F.2d 135 (5th Cir. 1962), which brought forth the rule that the Jones Act was the analogous statute of reference for determining laches. The Court, in the *Mr. Kim* case, did speak of the Louisiana prescriptive period but only to point out that though the state Workmen's Compensation Statute was involved, due to the fact that the suit was in admiralty the state prescriptive period did not govern the action, but rather that delay was to be determined according to the maritime doctrine of laches. 345 F.2d 45 at 50. Nowhere in the *Mr. Kim* case did the Court speak of laches being determined with reference to the Louisiana prescriptive statute.

The instant case, unlike the *Mr. Kim* case, arose outside the territorial limits of Louisiana. The cause of action was not created by any law of Louisiana. The accident must be treated purely and simply as a maritime tort using maritime law. It is a mere fortuitous circumstance that the accident occurred in waters adjacent to Louisiana and Louisiana law is not pertinent. As the Court said in the Flowers case, supra, "[L]ocal law is now completely irrelevant to substantive rights concerning a maritime injury at least short of death."

It is interesting to note that if suit had been filed against Movible at the same time it was filed against American, following American's theory there would have been a presumption of laches as to American and no presumption of laches as to Movible. Certainly this result would be inequitable.

■ The Court finds that Pure Oil Co. v. Snipes, 293 F.2d 60 (5th Cir. 1961); and Fidelity and Casualty Company of New York v. C/B Mr. Kim, 345 F.2d 45 (5th Cir. 1965), are not applicable to the present case. In accordance with the desire to promote uniformity of the admiralty expressed by the Fifth Circuit Court of Appeals in Flowers v. Savannah Machine and Foundry Co., supra, the Court finds that the analogous statute of reference to be used in determining laches in the present case is the Jones Act.

■ In view of the fact that the suit *was filed within the three year period of limitation provided for by the Jones Act, there is no presumption that American has been prejudiced.*

This brings us to the issue of prejudice, for unless American can show it has been prejudiced by the delay, its plea of laches must be dismissed. American bases its claim of prejudice on the fact that prior to its being made a party, five depositions, among which was the deposition of an expert witness, were taken. American was represented during a portion of one deposition and for the entirety of the other depositions. During the deposition of the expert witness, American did not have access to the report of the expert witness, which report was available to other counsel. American further claims that though it was present at the depositions it did not have sufficient notice to adequately prepare for the taking of the depositions.

Counterbalancing this is the fact that American admits it had notice of the accident shortly after its occurrence. American investigated the accident and in the course of its investigation took statements from four witnesses.

On argument of the motion it was clear that all witnesses who were deposed were readily available for redeposition by American prior to trial on the merits. The report of the expert witness and the witness himself are also still readily available to American. Since this is so, it is difficult for the Court to find any prejudice accruing to American. As has been repeatedly emphasized,

"Laches is much more than time. It is time plus prejudicial harm, and the harm is not merely that one loses what he otherwise would have kept, but that delay has subjected him to a

disadvantage in asserting and establishing his claimed right or defense."[2]

American has been put at no disadvantage in setting up its defense to this matter. It has the results of its own investigation of the accident; it was represented during the greater part of all depositions and may, if it wishes, redepose witnesses prior to the trial.

On the facts presented, the Court finds that there has been no prejudice to American sufficient to sustain its plea of dismissal for laches.

If during the trial on the merits, it should appear that delay in filing has in fact prejudiced American the Court will then reconsider this question.

The motion is dismissed.

---

2. Point Landing, Inc. v. Alabama Dry Dock & Shipbuilding Co., 261 F.2d 861 (5th Cir. 1958); Pure Oil Co. v. Snipes, 293 F.2d 60 (5th Cir. 1961); Vega v. The Malula, 291 F.2d 415 (5th Cir. 1961); Crabtree v. The SS Julia, 290 F.2d 478 (5th Cir. 1961); Akers v. State Marine Lines, Inc., 344 F.2d 217 (5th Cir. 1965).