**Joseph J. CREWS, Appellant,**

v.

**The ARUNDEL CORPORATION,**
**Appellee.**

**No. 24129.**

United States Court of Appeals
Fifth Circuit.

Sept. 13, 1967.

Rehearing Denied Oct. 26, 1967.

---

William M. Alper, Alan R. Schwartz, Miami, Fla., for appellant.

Cecyl L. Pickle, Miami, Fla., for appellee.

Before WASHINGTON,* TUTTLE and SIMPSON, Circuit Judges.

WASHINGTON, Circuit Judge:

On May 14, 1960 the appellant Joseph J. Crews was in the employ of the appellee Arundel Corporation as a crewman on its Tug "Everglades". During an unloading operation on that day carried on in the Intracoastal Waterway near Fort Pierce, Florida, by the Tug "Everglades", the Dredge "Hallandale", and a derrick barge, all owned by the appellee, the appellant was seriously injured. One or more heavy iron pipes fell out of the sling, in which the pipes are said to have been swinging above the derrick, and struck appellant on his head and body. On May 11, 1966, he filed a libel *in personam*, later amended, against the appellee for damages, alleging that the vessels and the equipment and appurtenances used in the unloading operation were unseaworthy and unsafe, and that the appellee was negligent in failing to provide a safe place for him to perform his duties and in failing to provide safe and seaworthy vessels, appurtenances and equipment. As a second cause of action he asserted that he is entitled to maintenance and cure for the period of his disability. The appellee filed Exceptions to the Amended Libel, contending that the un-

seaworthiness and negligence claims are time-barred or barred by laches; and that the allegations of the maintenance and cure claim are insufficient.

Having heard argument but without taking evidence, the District Court entered an Order holding that the claims based on negligence under the Jones Act are time-barred by the applicable statute of limitations; and that the claim based on unseaworthiness is barred by laches and time-barred by the three-year period of limitations provided in the Jones Act. The District Court overruled the exceptions to the maintenance and cure claim and ordered the appellee to serve its responsive pleadings to that claim. The appellant appealed from the entry of final judgment against him on his claims for negligence and unseaworthiness.

I.

The appellee has moved to dismiss the appeal on the ground that the Order with respect to the items last mentioned was not an appealable order within this Court's jurisdiction. We disagree.

The Order stated:

"* * * Judgment is entered herein in favor of the Respondent and against the Libellant on the claims for negligence under the Jones Act and unseaworthiness."

The Order was thus a final denial of appellant's claims in these respects. It seems clearly to determine "the rights and liabilities of the parties", within the meaning of 28 U.S.C. § 1292(a) (3), with respect to the negligence and unseaworthy cause of action, since it had a "final and irreparable effect on the rights" of the appellant with respect to these claims. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). See also Republic of France v. United States, 290 F.2d 395, 397 (5th Cir. 1961). Cf. Point Landing, Inc. v. Alabama Dry Dock & Shipbuild. Co., 261 F.2d 861, 863, 864 (5th Cir. 1958). Although the maintenance and cure claim still remained be-

* George T. Washington, United States Senior Circuit Judge of the D. C. Circuit, sitting by designation.

fore the District Court, this can not derogate from the fact that appellant's opportunity to prove his negligence and unseaworthiness claims was completely cut off.

## II.

We have concluded that the District Court erred in holding, on the record before us, that the unseaworthiness claim is barred by limitations and laches and that the negligence claim is barred by limitations.

We have held repeatedly that claims based on unseaworthiness are barred only if the delay in filing the libel beyond the three-year Jones Act limitation period is inexcusable *and* if the delay has prejudiced the defense of the suit. E. g., Akers v. State Marine Lines, 344 F.2d 217 (5th Cir. 1965); Fidelity & Casualty Co. of New York v. C. B. Mr. Kim, 345 F.2d 45 (5th Cir. 1965); Molnar v. Gulfcoast Transit Co., 371 F.2d 639 (5th Cir. 1967). And we have also held that when the question of laches is raised by exceptions or demurrer, as here, the allegations of the claimant must ordinarily be assumed to be true. McDaniel v. Gulf & South American S.S. Co., 228 F.2d 189, 192 (5th Cir. 1955).

A. The libel alleged that very serious injuries to the appellant resulted from the fall of the iron pipe or pipes upon him during the unloading operation on May 14, 1960. For present purposes it is unnecessary to outline the injuries. The libel also alleged that in August, 1960, a representative of the appellee or its insurance carrier, Maryland Casualty Company, prevailed upon appellant to sign documents, the exact contents of which were then unknown and are still unknown to him; that his signature was obtained as a result of false, fraudulent, misleading and improper representations made to him, i. e., that the appellee and

its insurance carrier would not pay any of his hospital and medical bills unless he signed, and that, if he signed, the appellee would employ him for the remainder of his lifetime at such time as he was medically and physically able to work. Appellant alleged that thereafter he did receive payments from the appellee weekly and monthly; that some of his medical and hospital bills were paid; and that he was given a job by the appellee but was subsequently discharged more than three years after the accident. He alleged that he did not have competent legal advice before signing these documents and that he was misled as to his legal rights by the representative of the appellee and/or the insurance carrier; that the conduct of the appellee and its insurance representatives was designed to take advantage of him, to deny him his legal rights for damages, maintenance and ·cure, and/or compensation, and to prevent him from suing the appellee to determine his rights.

Such material as there is in the record tends to substantiate, at least in part, some of these allegations. The appellee's Answer to the maintenance and cure claim, filed following the District Court's order here under consideration, alleged that on August 23, 1960, a representative of Maryland Casualty Company procured a release from the appellant of all claims he might have against The Arundel Corporation in respect of his injury, in consideration of an agreement by appellant to accept payment by Maryland Casualty Company of "the benefits provided for in the Workmen's Compensation Law." An affidavit, purporting to be a sworn statement of the appellant *but not signed by him* was attached,[1] which recited that appellant had been informed of his rights regarding his accident by Robert N. DuBois, the representative of Maryland Casualty Company,—the same person who notarized the unsigned "affidavit."

---

1. Curiously, the appellee's answer itself states that this is "the Affidavit of Robert N. DuBois [representative of Maryland Casualty] showing that the Libellant was fully advised of his rights before signing same." The so-called affidavit itself does not indicate that it is an affidavit of DuBois and it is not signed by him as the affiant. He did, however, notarize the unsigned affidavit.

There were no witnesses to the so-called affidavit.

Also, prior to the entry of the District Court's order here under appeal, the appellant had submitted interrogatories to the appellee, asking *inter alia* for "the date when libellant first returned to employment by The Arundel Corporation following his accident on May 14, 1960", "the inclusive dates of his employment at this time", and "the date on which his employment was severed or terminated thereafter".

On August 12, 1966, the appellee filed answers to the interrogatories, stating that the appellant "returned to work on Monday, Dec. 10, 1962, 12–10–62 to 12–31–63, and beyond that date the records are in Baltimore, Maryland * * *". It is not clear from this answer whether the date 12–31–63 is intended as a statement of the date of termination of the appellant's employment. But at least it indicates that appellant was in the appellee's employ until well after the three-year Jones Act limitation period expired on May 14, 1963.

Thus a factual issue is raised as to whether the delay in filing the libel was excusable, which can only be resolved by proof. If the evidence were to establish, in accordance with the allegations, that the appellee represented to the appellant that he would be employed for life, if he signed certain documents, and that he was nevertheless discharged after the three-year period of limitation had run, the delay in filing the libel until after the discharge occurred may well, depending on the circumstances proved, constitute excusable delay.[2] And, the allegations of the libel that the injuries sustained by the appellant affected his mind, impaired his memory, and caused an inability to remember exactly the circumstances of his injury, if proved to be sufficiently serious and of sufficient duration, might also warrant a finding of excusable delay.[3]

B. The libel alleged that the appellee suffered no prejudice from the delay in filing; that it was apprised of the accident when it occurred; that it made a full and complete investigation of it, and that it has more information about the accident than is available to the appellant. The appellee's answers to the above-mentioned interrogatories tend to substantiate these allegations. They give the names of persons who witnessed the accident; they state that Maryland Casualty Company, the appellee's insurer, investigated the accident in July, 1960; they supply the names of persons, other than medical witnesses, who have knowledge of the claim made in the libel; they supply the names and addresses of crew members of the three vessels engaged in the unloading operation; they give the names and addresses of doctors who treated the appellant, and the names of hospitals to which appellant was admitted for treatment or received emergency or outpatient care, on account of the accident,[4] they state the total payments made by Maryland Casualty Company to the appellant for medical and other expenses. The appellee objected to answering an interrogatory inquiring as to how and in what manner it was prejudiced by the delay in filing the libel, on the ground that the interrogatory was rendered moot by the District Court's order here under review. This objection was sustained by the District Court "without prejudice to the elicitation by request for admission of the information sought therein."

Thus, a factual issue as to whether the delay caused prejudice to the appellee is clearly raised. The appellee's admission that it or its insurance carrier conducted

2. Cf. Taylor v. Crain, 195 F.2d 163 (3d Cir. 1952); Pinion v. Mississippi Shipping Co., 156 F.Supp. 652, 655 (E.D.La. 1957); Delpy v. Crowley Launch & Tugboat Co., 99 F.2d 36 (9th Cir. 1938).

3. Cf. McDaniel v. Gulf & South American S.S. Co., 228 F.2d 189 (5th Cir. 1955);

Hughes v. Roosevelt, 107 F.2d 901 (2d Cir. 1939).

4. We may assume that the appellee has interviewed and obtained statements from all these persons. See Molnar v. Gulfcoast Transit Co., 371 F.2d 639, 641–642 (5th Cir. 1967).

an investigation in July, 1960, and its enumeration of an apparently comprehensive list of medical and other witnesses (see footnote 4), taken together with the allegations of the libel, if they are proved, might well result in a finding that the appellee suffered no prejudice from the delay in filing the libel.[5]

C. The appellant argues that, even if the three-year statute of limitations provided by the Jones Act applies to his negligence claim, the appellee is estopped from claiming the benefit of the limitations statute because of its alleged conduct, already outlined, in representing to him that he would be employed for life if he signed the documents presented to him by DuBois, and that none of his hospital and medical bills would be paid unless he signed. Again we think that the allegations of the libel and the other material appearing in the record raise an issue of fact on this point which can not be resolved without hearing the evidence.[6] And we note that if it should be found that estoppel precludes use of the Jones Act statute of limitations to bar appellant's claim, it may not be necessary to consider the laches point. Cf. McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 78 S.Ct. 1201, 2 L.Ed.2d 1272 (1958).

### III.

We pointed out in Akers v. State Marine Lines, 344 F.2d 217, 221 (5th Cir. 1965), that summary judgment is proper under General Admiralty Rule 58 only when there is no genuine issue as to any material fact. Here, as shown, at least

three factual issues which may control the final decision are raised. The order of the District Court is reversed and the case returned to that court with directions to hear the evidence on these disputed issues of fact, to resolve the factual issues, and to make findings with respect thereto. As in the Molnar case, supra, 371 F.2d p. 642, we "intimate no forecast on what the outcome on remand will or ought to be." This will depend "on the facts as they really are." If it is found that the negligence and unseaworthiness claims are not time-barred, or alternatively that the unseaworthiness claim is not barred by laches, a further hearing as to the amounts allowable with respect to the claims must be held.

So ordered.

5. See e. g. Gutierrez v. Waterman Steamship Corp., 373 U.S. 206, 83 S.Ct. 1185, 10 L.Ed.2d 297 (1963); Vega v. The Malula, 291 F.2d 415 (5th Cir. 1961); Pure Oil Co. v. Snipes, 293 F.2d 60 (5th Cir. 1961); Akers v. State Marine Lines, 344 F.2d 217 (5th Cir. 1965); Wounick v. Pittsburgh Consol. Coal Co., 283 F.2d 325, 91 A.L.R.2d 1411 (3d Cir. 1960), cert. denied 364 U.S. 902, 81 S.Ct. 234, 5 L.Ed.2d 195 (1960).

6. The following F.E.L.A. cases appear pertinent here: Glus v. Brooklyn Eastern District Terminal, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959); Scarborough v. Atlantic Coastline R. Co., 178 F.2d 253,

15 A.L.R.2d 491 (4th Cir. 1949), cert. denied, 339 U.S. 919, 70 S.Ct. 621, 94 L. Ed. 1343 (1950); Louisville & Nashville R. Co. v. Disspain, 275 F.2d 25 (6th Cir. 1960). The Jones Act statute of limitations in 46 U.S.C. § 688 is derived from the limitations statute for F.E.L.A. cases (45 U.S.C. § 56), and both limitations statutes apply to the same type of case: employee's suits based on negligence. Thus we believe that, depending on what facts are proved, it might well properly be held that the appellee is estopped from having the benefit of the limitations statute, as in the cited cases.