**Wilfred RICHARDSON, Plaintiff,**

v.

**DELTA DRAYAGE COMPANY et al., Defendants.**

Civ. A. No. 76-3725.

United States District Court, E. D. Louisiana.

April 29, 1977.

Walter C. Dumas, Baton Rouge, La., for Wilfred Richardson.

Amy Kennon, New Orleans, La., for Delta Drayage Co.

John Ormond, New Orleans, La., for International Brotherhood of Teamsters, Local 270.

ALVIN B. RUBIN, District Judge:

The defendant's motion for summary judgment raises the issue whether plaintiff's cause of action based on an alleged violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5 et seq., ought to be barred by laches, where the plaintiff filed timely charges with the Equal Employment Opportunity Commission, but that agency took nearly eight years to issue a "right to sue" letter.

The court's opinion, dated March 23, 1977, considered this issue and requested that the parties file memoranda and evidentiary material of the kind specified in Rule 56, F.R. C.P. The court has reviewed that material and has held another hearing in open court. We need not now determine whether laches may ever bar a claimant from asserting a Title VII claim where he has followed the statutory procedure for perfecting such

claims;[1] in the present case, the evidence of record up to this time requires that the motion be denied because it has not been shown that the delay was inexcusable or that the defendant has suffered substantial prejudice from it.

Under the provisions of 29 C.F.R. § 1601.25B, after the expiration of 180 days from the date of the filing, the claimant is entitled to demand a right to sue letter. A similar option is not accorded the employer. However, failure to utilize this mechanism for expediting the claim does not per se constitute inexcusable delay. Although the regulation provides a method for the cautious litigant to safeguard his rights, there is no indication that the regulation was intended to exact such caution as a requisite of preserving the claim.

The plaintiff testified in his deposition that, every five or six months, the Equal Employment Opportunity Commission informed him that it was making progress on investigating his claim and asked him if he was still interested in its proceeding further.[2] The plaintiff says he told them to proceed. His deposition portrays an individual so inured to bureaucratic delay as to find little unusual with the Equal Employment Opportunity Commission's pace.[3] It also indicates that he had an interest in his claim during that time span. Plaintiff apparently was not aware of any method at his disposal to expedite the matter, hence patiently abided the Equal Employment Opportunity Commission's investigation. His own role in the

delay was limited and, from the evidence presented thus far, appears to have been excusable.[4]

The court has afforded the defendant an opportunity to detail the manner in which it would be prejudiced by assertion of the claim. Defendant's only contention in this regard is that the delay may render it liable for back pay that an earlier disposition of the matter would have saved. But this increased liability, even if proved, would, at most, justify barring only a portion of the back pay claim, not the claim in its entirety.

Moreover, the Fifth Circuit has held in a maritime context that merely losing what one would otherwise have had does not constitute prejudice for laches purposes; such prejudice results only if the victim of delay is subjected to a disadvantage in asserting or establishing his claimed right or defense. *Akers v. State Marine Lines*, 5th Cir. 1965, 344 F.2d 217; *In re Casco Chemical Co.*, 5th Cir. 1964, 335 F.2d 645; *McConville v. Florida Towing Corp.*, 5th Cir. 1963, 321 F.2d 162, 168. In *McConville*, a seaman sued for failure to make payments upon discharge without sufficient cause, under 46 U.S.C.A. § 596, which entitles the claimant to "two days' pay for each and every day during which payment is delayed. . . .". Payment was sought for money withheld in December, 1959. Although the plaintiff sued on other facts relating to his discharge by November, 1960, he did not amend his complaint to include this sum and the two-for-one penalty until July, 1961. His mo-

---

1. In *Beverly v. Lone Star Lead Construction Corp.*, 5 Cir. 1971, 437 F.2d 1136, the court said that Congress did not intend to make a claimant's statutory right to sue subject to "such fortuitous variables as workloads, mistakes, or possible lack of diligence of the Equal Employment Opportunity personnel." 437 F.2d, at 1140. See also the cases cited in this court's March 23, 1977, opinion.

2. Deposition of Wilfred Richardson, February 24, 1977, at 17–20.

3. Deposition, *supra*, at 19.

4. Defendants correctly contend that all persons are deemed to have knowledge of the contents of documents published in the Federal Register.

Davis, Administrative Law Treatise, 1968, § 6.09. But even if constructive knowledge of the procedure for expediting the right to sue letter is imputed to the plaintiff, it does not follow that failure to utilize the procedure is unreasonable, or that it was intended that failure to utilize the procedure could result in forfeiture of the claim. 29 C.F.R. § 1601.25B offers an alternative to the lengthy delays that may accompany such an Equal Employment Opportunity Commission investigation, but a claimant ought to be entitled to the benefits of a full investigation if he has the patience to await one.

tion to amend was objected to on the basis of laches, and the trial court sustained the objection. The Fifth Circuit reversed, noting, "Of course to reject the plea of laches does subject the shipowner to a claim of serious proportions which it would not otherwise have to face. But that is not the test. Laches is much more than time. It is time plus prejudicial harm, and the harm is not merely that one loses what he otherwise would have kept, but that delay has subjected him to a disadvantage in asserting and establishing his claimed right or defense." *McConville, supra,* 321 F.2d, at 168.

██ Both parties have suffered from government inaction, but the defendant has not adduced evidence to indicate that it has been prejudiced in its ability to defend against the claim. Accordingly, the delay is neither so inexcusable nor produces such prejudice as to warrant barring the claim for laches. Hence, the defendant's motion for summary judgment seeking dismissal on the basis of laches is DENIED. Defendant may assert that a portion of any back pay award should be disallowed due to laches, and the court will consider that defense at the appropriate time.