**Louis J. BARROIS, Sr., et al.,**
**Plaintiffs-Appellants,**

v.

**NELDA FAYE, INC.,**
**Defendant-Appellee.**

No. 77–1759.

United States Court of Appeals,
Fifth Circuit.

June 21, 1979.

James A. Wysocki, Jerome M. Volk, New Orleans, La., Shirley Ann Basile (of counsel), New Orleans, La., for plaintiffs-appellants.

Arden J. Lea, Carl J. Hebert, James H. Roussel, New Orleans, La., for defendant-appellee.

Before BROWN, Chief Judge, AINSWORTH and DYER, Circuit Judges.

JOHN R. BROWN, Chief Judge:

In this case we again face the problem of choosing which statutory limitation period should appropriately be applied to determine whether laches bars a particular admiralty action.[1] The appellants—Louis and Adorina Barrois and Andrew and Dolia Billiot—filed a claim on December 2, 1975, for injuries they allegedly sustained on December 2, 1972, when their pleasure craft collided with defendant's tug M/V Nelda Faye. The District Court, finding that laches barred the action,[2] granted defendant's motion for summary judgment. We find (i) that the three-year Jones Act[3] limitations period should apply to the case before us but (ii) that appellee tugowner carried its burden of proving the elements of laches. We, therefore, affirm the judgment of the District Court.

According to their complaint,[4] on December 2, 1972, appellants were traveling from Venice, Louisiana, toward Tiger Pass in a 20-foot motor boat. When they reached Tiger Pass, Mr. Billiot, the operator, slowed down to allow two butane barges and their tow boat, the Nelda Faye, to pass. When he did so, the boat's motor stopped. The Nelda Faye "kept coming," and one of its barges hit the side of the boat. Although appellants allegedly cried for help, the Nelda Faye's crew members cursed them and refused to stop.

The next day appellants reported the accident to the Coast Guard. Two days later they obtained counsel. Four months later they received information from the Coast Guard that the boat they had reported as the "Nalda Faye" was instead named the "Nelda Faye." Almost three years after appellants received that information they filed this suit.

In response, on September 10, 1976, appellee filed a motion for summary judgment—asserting that laches barred the action—along with the affidavit of its company president and a statement of undisputed facts. The District Court dismissed the motion without prejudice, stating that the Barroises and Billiots should be allowed time to depose the Nelda Faye's two available crew members.[5] Appellants, however, failed to take the depositions.[6]

Appellee thereafter reurged its motion on December 17, 1976. At that same time it also informed the Court that it had located a third crew member and had given his location and telephone number to the Barroises and Billiots.[7] Again, the District Court denied the motion without prejudice, this time instructing that appellee could reargue its position when the record re-

---

1. See, e. g., Flowers v. Savannah Machine & Foundry Co., 5 Cir., 1962, 310 F.2d 135, 1962 AMC 2573.

2. The District Court did not apply a borrowed statute of limitations. It simply found unnecessary delay and resulting prejudice, the elements of laches. Of course the Louisiana prescriptive period of one year, La.Civ.Code art. 3536, was of no help.

3. 46 U.S.C.A. § 688, which incorporates 45 U.S.C.A. § 56.

4. Since the District Court granted summary judgment, we have no factual development of the case. We simply recite appellants' allegations, of which appellee disclaims any memory or knowledge.

5. The Nelda Faye carried four crew members on December 2, 1972. One of them was never located.

6. They insisted that the tugowner had the burden of proving the two elements of laches—unreasonable delay and resulting prejudice—and that they, therefore, did not need to conduct the depositions.

7. Counsel for appellee informed us at oral argument that although they had ascertained this crew member's whereabouts, he had since disappeared, and no one had been able to find him again.

flected factually "by affidavit or otherwise defendant's contention that the crew members of the vessel involved in the alleged accident . . . have no knowledge . . . of the accident and the resulting prejudice therefrom." [8]

Finally, on January 14, 1977, appellee urged its motion a third time. With the motion it filed the affidavits of its two available crew members, both of whom disclaimed any "knowledge or any type of recollection whatsoever of any collision" between the Nelda Faye and a 20-foot motor boat. In its statement of undisputed facts, appellee described the circumstances surrounding the delay and pointed out the various factors that would prejudice its efforts to defend this suit. [9] On January 26, 1977, after oral argument, the District Court granted the motion and dismissed the suit. [10]

■ In considering the merits of this appeal, we first announce that the Jones Act limitations period should apply to cases of this sort. For personal injury (or death) to a member of the crew of the motor boat the Jones Act would certainly apply. Similarly, it would cover a suit brought against the tug for injury or death of a member of the tug. Since the principle of laches is judge-created and partakes of equity both negatively and affirmatively, we think that the goal of uniformity in admiralty law is better served by uniform rule unaffected by local limitations or prescriptions. In searching for a judge-adopted standard for laches, we can think of none better than the Jones Act. [11]

We hasten to add, however, that this conclusion "does not displace the doctrine of laches." *Flowers, supra* at 137. An equitable doctrine, " 'laches is not, like limitation, a mere matter of time; but principally a question of the [equity or] inequity of permitting the claim to be enforced.' " *Holmberg v. Armbrecht*, 1946, 327 U.S. 392, 396, 66 S.Ct. 582, 584, 90 L.Ed. 743, 747. Its existence "cannot be determined merely by a reference to and a mechanical application of the statute of limitations. The equities of the parties must [also] be considered." *Akers v. State Marine Lines, Inc.*, 5 Cir., 1965, 344 F.2d 217, 220, 1965 AMC 1395.

■ Rather than marking an absolute cut-off date beyond which injured parties may no longer effectively bring suit, the analogous limitations period determines where falls the burden of proving or disproving inexcusable delay and resulting prejudice. Dobbs, *Remedies* § 2.3, at 43–44 (1973). In most of our prior cases dealing with this problem we have discussed whether laches bars a claim brought *after* the analogous statutory period. [12] In such situations we have consistently found that the plaintiff bears the burden of showing excusable delay or lack of prejudice to the

---

8. R. at 146.

9. Among these appellee listed (1) its not having received notice of the accident until December 22, 1975 (the date the complaint was served), (2) appellants' boat having been repaired, (3) appellee's not having been able to have its own physician examine appellants while they were injured, and (4) the crew members' lack of recollection or knowledge of the alleged accident.

10. The Court held that
[t]he record clearly reflects both an unreasonable delay by plaintiffs in filing this maritime action, and resulting prejudice to defendant. * * * Under the circumstances of this case, it is clearly inequitable and prejudicial to require that defendants go forward with the defense of this matter. * * * R. at 173.

11. The Maritime Law Association of the United States has proposed that a three-year limitation statute completely replace laches in the "maritime injury and death field." Reasoning that "[l]aches is a very uncertain, non-uniform and unpredictable doctrine," the committee voted almost unanimously to "implement the resolution in Washington, D.C." Minutes of the Annual Meeting—May 5, 1978, Document No. 615 [6882–84].

12. Indeed, in *Flowers, supra* at 137 n. 4, we specifically declined "to determine whether, or under what circumstances, delay short of the statutory period might properly amount to laches."

defendant.[13] *E. g., Akers v. State Marine Lines, Inc., supra.* We now squarely hold that when a plaintiff files a claim *within* the analogous period, defendant must show inexcusable delay and resulting prejudice in order to establish a laches defense.

Having determined this, we move on to decide whether appellee bore its burden.[14] We think it clearly has. Appellants brought this suit more than two and one-half years after they received the information necessary to properly file a claim. Their only stated excuse for their tardiness is that soon after the collision, Mr. Barrois and Mr. Billiot suffered personal injuries relating to their employment and filed claims for damages. Because their counsel did not want to confuse these "barely literate" people, this claim was not filed until the other two were settled.[15] We agree with the District Court's determination that such considerations do not excuse the long delay.

*Seals v. States Marine Lines, Inc.,* E.D. La., 1960, 188 F.Supp. 398, cited by appellants, does not support their position. In that case plaintiff's suit against States Marine Lines of New York was dismissed on the ground that the subject vessel had been bareboat chartered to the company's subsidiary. Four months later defendant refiled his claim, this time against the subsidiary. The District Court allowed the action, finding no laches bar.[16]

Regarding the issue of resulting prejudice, appellee has convincingly established that it has no available witnesses who have any recollection of the alleged incident. As it stated in its statement of facts accompanying its motion for summary judgment, it has not been able to investigate on a firsthand basis the damage caused to the motor boat or the injuries to appellants. In our opinion in *Molnar v. Gulfcoast Transit Co.,* 5 Cir., 1967, 371 F.2d 639, 641–42, 1967 AMC 1925, 1928, we stated that

> [i]f . . . the Shipowner knew of the incident, made a detailed investigation and still has facts concerning the injury and its disabling consequences in the form of evidence, live or documentary, and from witnesses whose recollections are still fresh, the equitable principles of laches ought not to become the absolute obstacle to a determination of the intrinsic merits of the claim.

We think the converse of this statement equally true. If a plaintiff's delay in filing suit precludes any reasonable possibility of defendant's gathering evidence (other than the plaintiff's allegations) or conducting an effective investigation of the circumstances surrounding the alleged incident, the presiding Court may certainly find that laches bars the action. Since the District Judge properly found no material factual dispute, he was correct in granting summary judgment.[17]

AFFIRMED.

---

13. *See also McMahon v. Pan American World Airways, Inc.,* 5 Cir., 1962, 297 F.2d 268, 270, 1962 AMC 655, 657; *Vega v. The Malula,* 5 Cir., 1961, 291 F.2d 415, 416, 1961 AMC 1698, 1699 ("passage of time beyond the analogous statute of limitations is presumed to have caused a substantial detriment").

14. As we have already pointed out, appellants filed their suit exactly three years after the alleged incident, just barely within the analogous three-year period.

15. At oral argument, we discerned a further motive appellants' attorney acted upon in delaying the filing of this suit—a desire not to reduce the size of recovery on either set of claims.

16. The case before us today presents a totally different set of facts—appellants' various claims did not arise from a single cause of action, and they have named different defendants in each suit.

17. Appellants assert that appellee's various affidavits have raised rather than resolved issues of fact. After full consideration we have determined that this argument bears no merit.