STOKER, Judge.
This is an action for property damages which was dismissed on peremptory exceptions based on the admiralty doctrine of laches. The plaintiff sued the defendants for damage to a pile cluster at a dock and bulk plant facility it operated on Calcasieu River in Cameron Parish, Louisiana, which occurred on September 24, 1977. Suit was initially filed on February 22, 1980, against Gulf Fleet Marine Corporation and the Motor/Vessel Gulf Baron. The plaintiff filed a supplemental and amending petition on December 18, 1980, adding the other defendants Bayou Marine, Incorporated and the M/V Gulf Whale. The petition alleged the negligence of all defendants.
Exceptions filed by Gulf Fleet Marine and Bayou Marine, Inc. raised the question of the timeliness of the filing of suit. The parties agree that this question is governed by the admiralty doctrine of laches rather than the one-year prescription applicable to tort cases under Louisiana law. The two defendant vessels, Gulf Baron and Gulf Whale went out of the case on other grounds and plaintiff has not appealed as to them. After separate hearings on the exceptions grounded on laches the trial court dismissed plaintiffs suit as to Gulf Fleet Marine Corporation and Bayou Marine, Inc. Inasmuch as we find that plaintiff carried its burden of proof of showing that these defendants have suffered no prejudice by the delay, we reverse.
FACTS
On September 24,1977, two employees of the plaintiff corporation, Mr. and Mrs. Dox-ey, arrived at work and found a pile cluster had been pushed over. Another employee of Doxey, Kevin Gauthreaux, said he saw the accident happen at about 2:00 AM that morning. Four boats were at the dock that morning, according to the log sheets of the Gulf Whale. The log sheets of the Gulf Whale also indicated that the Gulf Baron, the boat owned by Gulf Fleet Marine, “pushed over” piling cluster. Tr. 95.
On the morning of the accident a person identified by Mrs. Doxey as a “Captain” of the one of the boats came to the office of Doxey Marine at the scene and called his employer. At trial of the exception filed by Gulf Marine, Mrs. Doxey first said she could not remember which of the defendants the Captain was calling or which of the boats the Captain belonged to. Later in her testimony, however, she said that the Captain had called Gulf Mississippi Corporation. (According to the petition and the answer of Gulf Fleet Marine, it is the successor of Gulf Mississippi Marine Corporation.) Still later, Mrs. Doxey admitted that she was not sure who the Captain in question telephoned.
Mrs. Doxey testified that she did not directly contact either defendant herself because she thought they would know of the accident. Approximately four months after the accident, in January of 1978, the dock was repaired. The testimony indicates that the dock was in some state of disrepair before the accident. Mrs. Doxey testified that in order to avoid paying excessive costs she had the damage caused by the boat and the dock deterioration repaired at the same time. She testified that she made notations on the bottom of the invoices, apportioning the cost between the repair of the damage caused by the defendants and the repair of the damage caused by deterioration.
Mrs. Doxey testified that after the repairs were made she sent a copy of the repair bills to Gulf Mississippi Marine Cor *580 poration so that it could pay Doxey for the repairs. No post office return receipt or anything similar was entered into evidence.
Mrs. Doxey justified the delay in filing suit on the ground that she felt that her company would be able to collect the damages and it did not want to incur the expense of hiring a lawyer if it did not have to. Also she testified that she thought her company had more time within which to file suit. It was stipulated that Mr. Doxey’s testimony would be substantially the same as Mrs. Doxey’s testimony.
LACHES RATHER THAN STATUTORY PRESCRIPTION IS APPLICABLE TO PLAINTIFF’S ACTION
Plaintiff, Doxey Marine Service, Inc., filed its suit after the running of the one-year prescription period applicable to tort actions in Louisiana. However, the admiralty doctrine of laches based on equitable considerations is applicable rather than prescription. The parties agree that the doctrine of laches should apply. Plaintiff-appellant Doxey contends that under the doctrine its suit should be deemed timely filed. Defendants-appellees take the contrary position and so did the trial court.
PLAINTIFF-APPELLANT BEARS THE BURDEN OF PROOF
The federal courts sitting in admiralty have crystalized the rules in maritime cases applying the doctrine of laches. Whether suit is filed before or after the running of the analogous period of limitations or prescription (one year here) determines which party bears the burden of proof on the issue of how laches should apply. The plaintiff bears the burden of proof in all cases filed after the running of the analogous period and the defendant bears the burden in suits filed prior to that. See cases cited infra.
THE ELEMENTS OF PLAINTIFF’S BURDEN OF PROOF
In actions brought after the statute has run the plaintiff bears the burden of proof to show either of two elements in order to counteract a laches defense: (1) an excuse for the delay or (2) lack of prejudice to the defendant. Mecom v. Levingston Shipbuilding Co., 622 F.2d 1209 (5th Cir.1980); Barrois v. Nelda Fay, Inc., 597 F.2d 881 (5th Cir.1979); Watz v. Zapata Off-Shore Company, 431 F.2d 100 (5th Cir.1970); Molnar v. Gulfcoast Transit Company, 371 F.2d 639 (5th Cir.1967) and Akers v. State Marine Lines, Inc., 344 F.2d 217 (5th Cir.1965). Proof of either excuse for delay or absence of prejudice will repel a claim of laches. Unexcused delay without prejudice will not bar a suit. In the Akers case the court said:
“A suit in admiralty is barred by laches only when there has been both unreasonable delay in the filing of the libel and consequent prejudice to the party against whom suit is brought. As we have repeatedly emphasized,
‘Laches is much more than time. It is time plus prejudicial harm, and the harm is not merely that one loses what he otherwise would have kept, but that delay has subjected him to a disadvantage in asserting and establishing his claimed right or defense.’
“If it can be shown that respondents have suffered no prejudice from the delay, then the unexcused delay alone is not sufficient to cause the libel to be dismissed.”
PLAINTIFF FAILED TO ESTABLISH EXCUSABLE DELAY
Plaintiff Doxey sustained damage to its facility on September 24, 1977. Doxey forwarded a bill for repair of two pile clusters to Gulf Mississippi Marine Corporation some time after the completion of the repairs about four months subsequent to the accident. Tr. 60 & 61. Although Doxey received no reply, it never sent a second bill or demand for payment. Other than Mrs. Doxey’s testimony the record itself does not establish just who Doxey sent its one bill to. Suit was not filed until February 22, 1980, and this was against Gulf Fleet Marine Corporation, successors of Gulf Mississippi Marine Corporation, and its vessel. As not *581 ed above, the excuse given on behalf of Doxey by Mrs. Doxey was the corporation’s belief that it would be able to collect the damages without paying legal fees and the assumption that the corporation had more time within which to file legal action.
In our opinion plaintiff has not established an excusable delay in the filing of suit.
DEFENDANTS HAVE NOT BEEN PREJUDICED BY THE DELAY
The underlying inquiry with regard to laches is whether it would be equitable or not, because of the delay, to enforce the claim. Molnar v. Gulf Coast Transit Company, supra. It should be borne in mind, however, that this matter has not been tried on its merits — only on its exceptions. At a trial on the merits Doxey would have to prove the identity of the offending party as well as the accident and any resulting damages. Although we do not rule on the matter, the testimony taken on the exceptions and the log entry of the Gulf Whale strongly indicate that the actual occurrence of an accident was caused by one of the four tugs at plaintiffs dock. Gulf Whale’s log sheet records information that the Gulf Baron caused the damage. The accuracy of the entry is a fact which must be proved at trial on the merits. Nevertheless, the testimony and evidence before us convinces us that neither Gulf Fleet Marine Corporation nor Bayou Marine, Incorporated, would be prejudiced by the delay in filing suit through being required to go to trial and defend the trial on the merits.
It is obvious that Bayou Marine, Incorporated, had notice of the accident as the occurrence was recorded in the log of the vessel owned by it, the Gulf Whale. We have little doubt that Gulf Fleet Marine Corporation had notice through its representatives operating the Gulf Baron. The filing of suit could hardly have come as a surprise to the defendants-appellees. In any event, they could hardly have failed to know that a claim was likely to be asserted.
The appellees contend they are prejudiced because no marine survey was made on behalf of either of them. _ They had ample time to have a survey made within the four month period that the damage remained unrepaired. The repairing of the dock deterioration at the same time as the repairing of the damage caused by the accident was not in itself such prejudice as to support appellees’ exceptions on laches. Mrs. Doxey made notations on the bottom of the repair invoices indicating which repair work was attributable to deterioration and which repair work was attributable to damage done in the incident. The invoices will go to the weight of the evidence at trial and plaintiff’s burden of proving damages to a reasonable certainty. The defendants will have ample opportunity to cross examine Mrs. Doxey, who made out the invoices, and to test the sufficiency of the evidence. Having failed to preserve their own evidence, the appellees cannot now complain about plaintiff’s right to go forward with such proof as it may have. As noted in Mecom v. Levingston Shipbuilding Company, supra, in situations such as this the question is one of credibility and not laches. Cf. Watz v. Zapata Off-Shore Company, supra.
That defense witnesses may have strayed from the employ of the defendants is not sufficient to show the type of prejudice which would support the laches exception. Akers v. State Marine Lines, Inc., 5th Cir.1965, 334 F.2d 217. As in Akers, the defendants did not allege that their employees are not now available to testify, but allege the assumption that witnesses will not now be generally available. We are not willing to make such an assumption.
CONCLUSION
It is our conclusion that, on the basis of the facts adduced on trial of the exceptions, the plaintiff-appellant has borne its burden of showing that appellees will not be prejudiced by being required to defend plaintiff’s action. Accordingly, we hold the judgment of the trial court was manifestly erroneous, and that judgment is reversed. This case is *582 remanded to the trial court for further proceedings consistent with the views expressed herein.
The costs of this appeal are assessed equally to appellees.
REVERSED AND REMANDED.