IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 01-30996

In re: In the Matter of: WILSON MARINE TRANSPORTERS INC., as owner, owner pro hac vice, and operator of the towboat M/V Reality, praying for exoneration for and or limitation of liability

WILSON MARINE TRANSPORTERS, INC., as owner, owner pro hac vice, and operator of the towboat M/V Reality,

Petitioner - Appellee,

versus

JOSEPH MERRICK, JR.,

Claimant - Appellant.

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CV-2938-K)

February 13, 2003

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

_____

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Under 28 U.S.C. § 1292(a)(3), this Court has appellate jurisdiction over interlocutory admiralty appeals where the order at issue determines the parties' substantive rights and obligations. *See, e.g., Ingram Towing Co. v. Adnac Inc.*, 59 F.3d 513, 517 (5th Cir. 1995). The district court's July 19, 2001 order, from which appellant filed a notice of appeal, completely determined the merits of the underlying unseaworthiness claim. Section 1292(a)(3) confers jurisdiction over that order, notwithstanding the fact that a contempt motion was pending. *See, e.g., Crews v. The Arundel Corp.*, 386 F.2d 528, 529 (5th Cir. 1967) (holding that § 1292(a)(3) provided a basis for interlocutory appellate jurisdiction where the district court had resolved the appellant's negligence and unseaworthiness claims, but had yet to resolve a maintenance and cure claim). Appellee's motion to dismiss for lack of jurisdiction is DENIED.

In this interlocutory posture, the district court's August 30, 2001 order granting, in part, appellee's motion for contempt is not before the Court. Thus, we cannot consider appellant's invitation to vacate that order. We turn now to the merits of the dispute.

After carefully reviewing the parties' briefs and the record, we conclude that the findings of the district court in its July 19, 2001 order and reasons were not clearly erroneous.

AFFIRMED.